Holden *v.* Scanlin.

---

### AARON HOLDEN *v.* JAMES SCANLIN.

#### *Probate court. Pleading. Guardian.*

The probate court in the matter of appointing guardians for insane persons, spendthrifts, absconding persons and their children, in cases not connected with the settlement of estates, is a court of special and limited jurisdiction, and where one in pleading relies on its action in such cases, such facts should be stated as are necessary to show that the court had jurisdiction.

But in the settlement of the estates of deceased persons the probate court is to be treated ra·'ier as a court of general jurisdiction, and it seems that the same strictness in pleading would not be required in regard to the action of that court in matters relating to that branch of its functions. POLAND, J.

A plea in abatement alleged that the plaintiff had been adjudged an insane person by the probate court, and that A had been duly appointed his guardian, that A still continued to be his guardian and that his name did not appear in the writ. The plaintiff replied that he had not been adjudged an insane person by the probate court, and put under the guardianship of A

13

as an insane person. *Held,* on demurrer to the replication, that the statement in the plea, in regard to the adjudication that the plaintiff was an insane person, was not mere inducement, but a material fact upon which the jurisdiction of the probate court to make the appointment of guardian depended, and that the replication was sufficient.

Such a plea should conclude with an offer to verify by the record.

A plea in abatement which sets up new matter is bad if it both *commence* and *conclude* with a prayer of judgment of the writ. It should only conclude with such prayer.

Suits in behalf of insane persons under guardianship, must be brought by the guardian in behalf of his ward.

ASSUMPSIT. The plaintiff's writ and declaration were brought in his own name, and with no allegation that he was under guardianship. The defendant plead in abatement as follows :

" And the defendant comes and defends the wrong and injury, when, etc., and prays judgment of the said writ and declaration, that the same may be quashed, because, he says, that heretofore, to wit, on the 24th day of July, 1854, at a session of the Honorable Probate Court for the District of Addison, the said plaintiff, Aaron Holden, was adjudged an insane person, and one John G. Perry, of Leicester, in said county of Addison, was duly appointed his guardian, and that afterwards, on the same day, the said Perry accepted said appointment as guardian, and gave bonds as required by law, and entered upon the duties of said appointment. And at the time of the commencement of said suit and service of said writ, the said Perry was and remained the guardian of said Aaron Holden, and ever since has been and still is his guardian as aforesaid, and the said appointment was not at the said time nor is it now revoked, annulled or set aside, but ever since has remained and still remains in force. And that said suit is brought in the name of said Aaron Holden, without this, that the name of John G. Perry, guardian, as aforesaid, is inserted in said writ or declaration, or that said Perry in any other manner appears in said writ to prosecute the same. Wherefore, inasmuch as the plaintiff hath sued out the said writ and declared thereon in his own name and not by his guardian as aforesaid, the said defendant prays judgment of the writ and declaration aforesaid, that the same may be quashed, and for his costs."

Holden *v.* Scanlin.

To this plea in abatement the plaintiff replied as follows:

" And the said plaintiff saith that his said writ by reason of any-thing by the said defendant in his said plea alleged, ought not to be quashed, because, he says, that he was not on the said 24th day of July, A. D. 1854, nor at any other time by the said Probate Court for the District of Addison, adjudged an insane person and put under the guardianship of John G. Perry, as an insane person as in said plea alleged, and this the said plaintiff prays may be inquired of by the country."

To this replication the defendant demurred.

The county court,—KITTREDGE, J., presiding,—decided that the replication was insufficient, and rendered judgment that the writ abate.   Exceptions by the plaintiff.

*Linsley & Prout*, for the plaintiff.

1. The replication is confined to the very point made in the plea, to wit, that the plaintiff was adjudged an insane person and put under guardianship, and is a perfect answer to it.

2. Neither is the replication bad as involving an affirmative implication in favor of the plea.   On trial of the issue as pre-sented, the defendant would be required to prove *precisely* what he alleges, and a denial of the plea in its terms affords no implica-tion in their favor.   Gould's Pleadings 398 sec. 40.

3. The plea is bad in form, as it should have concluded with a verification by the record.   1 Chitty's Plead. 556 ; 3 *id.* 902, 903 ; Stephens' Plead. 433.

4. The plea is also insufficient in law.   There is no special reason or *necessity* for joining the guardian in the suit to enforce the rights of his ward.   The statute (page 408 section 16) provides a mode by which all are sufficiently protected against any act of his. Besides, section 29th of the same chapter, page 411, expressly provides that the guardian *shall sue in the name of the ward.* Tolman's Com. 404 sec. 3.

*Briggs & Nicholson*, for the defendant.

1. The cause for which Holden was put under guardianship is merely inducement (Gould's Pleadings, chapter III, section 9,) and is wholly immaterial; the plea would have been equally valid

had the cause been omitted. Gould's Plead. chap. VII secs. 47, 48 ; 1 Ch. Plead. 291; 2 Saund. 319. The traverse therefore reaches only the inducement and presents an immaterial issue and is bad on demurrer. Gould's Plead. chap. VI sec. 27.

2. The *guardianship* is the only issuable fact. The replication that he was under guardianship *as an insane person* involves an affirmative implication that he was under guardianship. Hence the replication is a negative pregnant. Gould's Plead. chap. VI secs. 29, 30 ; 1 Chit. Plead. 614, and note.

The opinion of the court was delivered by

POLAND, J. The first question presented in this case is as to the sufficiency of the plaintiff's replication to the defendant's plea in abatement.

The plaintiff in his replication does not traverse the allegation in the plea that Perry was, by the probate court, appointed guardian of the plaintiff, but traverses the allegations that the plaintiff was found or adjudged to be an insane person, and that Perry was appointed his guardian as an insane person.

The defendant claims that this is not a traverse of an issuable fact, and tenders an issue on an immaterial point. This is claimed upon the ground that these allegations in the plea are mere inducement to the alleged appointment of a guardian over the plaintiff, that the plea would have been perfect without any such allegations, and that they may well be treated as mere surplusage in the plea.

We are not able to concur in this view of the case. The court of probate is a court of special and limited jurisdiction, deriving all its authority from the statute, and though in the settlement of the estates of deceased persons, when the entire and exclusive jurisdiction is vested in that court, their proceedings bear a strong analogy to those of courts of general jurisdiction at common law, and would doubtless, in pleading, be favored to nearly or quite the same extent, still in appointing guardians over *insane persons, spendthrifts, absconding persons* and their children, when the matter in no way grows out of or is connected with the settlement of an estate, and the court had no jurisdiction to make such appointment, except upon a previous finding or adjudication in relation to the state or condition of such person, the rules in relation to setting

Holden *v.* Scanlin.

up the proceedings of a court of *special* and *limited* jurisdiction should be strictly applied. These rules would at least require that such facts as were necessary to show that the court had jurisdiction to make the appointment, should be stated in the plea, that the plea would be fatally defective without them, that they would constitute a necessary part of the proof to sustain such a plea, that they are material and traversable, and the plaintiff might properly take issue upon them.

This view of the replication would enable us to dispose of the case, but the sufficiency of the plea itself has been argued by counsel, and perhaps the future course of the cause might be influenced by the views of the court as to the validity of the plea.

The plaintiff insists that the plea is defective in substance; in short, he claims that if the plaintiff was legally under guardianship, that this suit was properly brought in the name of the plaintiff alone, and not by the guardian on his behalf. But we are not of this opinion. The general principle is, that suits in behalf of all persons under guardianship must be brought by the guardian, and we think there is nothing in the statute that was intended or that does constitute the case of insane persons an exception to this general rule. The propriety of this requirement is manifest, that some responsible party may be before the court to respond to any order of the court, and to answer to any judgment that the defendant may recover. We are of opinion, therefore, that the substance or subject matter of the plea is sufficient. Various objections, however, have been taken to the form of the plea, and under the strict rules applied to such pleas, we think some of them are fatal to it.

It is a rule of pleading, applicable to pleas to the merits as well as to pleas in abatement, that every plea which introduces new matter, should conclude with a verification, in order to entitle the opposite party to allege other new matter of his own by way of answer, if his case requires it. So, when new matter is set up which is matter of record, and which, if proved at all, should be proved by the production of the record, then the party should offer to verify the matter by the record.

This plea, which clearly sets up new matter, does not conclude with any verification at all, which we think a fatal defect.

Our courts of probate are required to keep records of all their proceedings, and their records are made legal evidence, and ordinarily no judgment or order of the probate court can be proved except by producing the record of the court. The adjudication of the probate court that the plaintiff was an insane person, and the appointment of a guardian over him by the court, were matters proper to be recorded, and could be proved only by the record.

In pleading these facts, then, we think the defendant should have vouched the record to verify them.

It is said, too, that a plea in abatement which sets up new matter, is bad if it both *commence* and *conclude* with a prayer of judgment of the writ, and that it should only conclude with such a prayer. *Landon v. Roberts,* 20 Vt. 286; see also Gould's Plead. 291 sec. 142. This plea *commences* and *concludes* in this form.

We feel some regret at being forced to these conclusions in a case where the plea in abatement is really founded upon so meritorious a cause as this appears to be, but the rules on this subject are too well settled to be lightly departed from.

The judgment of the county court is, therefore, reversed, and judgment rendered that the plaintiff's replication to the plea in abatement is sufficient, and that the defendant answer over, and the cause is remanded to the county court to be there proceeded with accordingly.