THE OVERSEERS OF THE POOR OF FAIRFIELD *versus* DAVID GULLIFER, *Appellant.*

The records of Probate Courts must show their jurisdiction, or their proceedings are void.

To place a citizen under guardianship, the records must show, by distinct allegation, and not by implication or inference, that he falls within one of the classes named in the statute, for whom a guardian may be appointed.

The Judge of Probate has no authority to appoint a guardian for a citizen who is alleged to be "not capable of taking care of himself and property, being now in his dotage."

ON EXCEPTIONS to the rulings of APPLETON, J.

This was an appeal from the decree of the Judge of Probate, appointing a guardian for the appellant, upon the petition of the plaintiffs. In this Court the appellant demurred to the petition, the demurrer was joined by the plaintiffs and overruled by the presiding Judge, and the decree of the Judge of Probate affirmed; whereupon the appellant excepted.

The contents of the petition are sufficiently stated in the opinion.

*Hutchinson*, for the appellant.

*Abbott* and *Snell*, for the appellees.

The opinion of the Court was drawn up by

RICE, J. —This case comes before this Court on appeal from the Judge of Probate, and is presented on a demurrer to the petition asking the Judge of Probate to appoint a guardian for the appellant. The demurrer admits the truth of the facts set out in the petition. Did these facts, thus admitted by the pleading, give jurisdiction to the Probate Court? The petition contains three allegations; "that David Gullifer, of said town of Fairfield, is a person not capable of taking care of himself and property, being now in his dotage, and having become heir at law to a considerable

property by the death of his son." Striking out as surplusage that part of the allegation referring to the manner in which he became possessed of his property, is there sufficient in this petition to authorize the Judge of Probate to interpose and appoint a guardian?

The authority of the Judge of Probate, in this class of cases, is found in § 4, c. 67, R. S. By this statute he may, on proper application, appoint guardians, *first*, for insane persons, including certain classes of married women; and *second*, for persons who, by excessive drinking, gaming, idleness, or debauchery of any kind, have become incapable of managing their own affairs, or so spend or waste their estate as to expose themselves or families to want or suffering, or their town to expense.

It is not suggested that the appellant falls under the second class. If the Judge of Probate has jurisdiction, it is because he falls within that class denominated "insane persons." The words "insane person" may include an idiotic, non compos, lunatic, or distracted person. R. S., c. 1, § 4, clause 8.

The petition does not allege that Gullifer was either idiotic, non compos, lunatic, nor distracted, but simply affirms that he is a person not capable of taking care of himself and property, *being in his dotage*—the words in italic being used argumentatively. This does not bring him within the language, nor necessarily within the meaning of the statute. The word dotage means simply feebleness or imbecility of mind, loss of understanding, as in old age. Worcester's Dict.

The appointment of a guardian over one as *non compos*, is not warranted by the fact that he was aged and had become wasteful of his property under the influence of profligate children. *Darling* v. *Bennet*, 8 Mass., 129.

Courts of Probate are created by statute and have a special and limited jurisdiction only. The record of the proceedings of such courts must show their jurisdiction. To place a citizen under guardianship, the records of the court must

show that he falls within that class of persons, named in the statute, for whom a guardian may be appointed, and these facts must appear affirmatively, by distinct allegation, and not by implication, nor by way of inference from the facts.

The original petition being insufficient, *the demurrer is sustained and the case dismissed with costs for the appellant.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.