Fowle *v.* Coe.

LUKE W. FOWLE *vs.* EBENEZER S. COE.

*Probate jurisdiction and sale. Statute of limitations.*

This was a real action. Both parties claimed under Rufus Davenport of Boston, Mass., deceased, who bought of Massachusetts and gave a mortgage to that state to secure part of the purchase money. The demandant deduced his title, through mesne conveyances, by deed from Davenport's heirs, made after settlement of the estate in the probate court of Suffolk county, Mass., conveying the land subject to the mortgage; while the tenant deraigned under proceedings in the probate court of Franklin county, Maine, where the land lies, by an administrator's deed upon sale by license, for the purpose of paying the mortgage note, which had been transferred to a citizen of this State. The note was given April 30, 1836, the maker died in 1839, and administration in Mass. was closed in 1844. The administration in Maine, was granted in May, 1857. *Held*, that the note was not barred in this State by the statute of limitations; that, upon inquiry as to the jurisdiction, administration was found to have been properly taken in Franklin county, the probate proceedings here being entirely independent of those in another sovereignty; that the sale was duly licensed and made, although the preliminary oath was not recorded until the trial of the cause, and though the sale was adjourned from the forenoon to the afternoon of the day designated therefor by verbal notice, when it was sold much below its value; and that the administrator's deed, dated within (but not acknowledged till after) a year from the sale, passed title to the tenant; in whose favor judgment was, therefore, rendered.

ON REPORT.

WRIT OF ENTRY to recover an undivided two-thirds of township No. 3, range three, in Franklin county, to which both parties lay claim under Rufus Davenport, who bought it of the Commonwealth of Massachusetts, in 1805. April 30, 1836, Davenport mortgaged a fraction of the land to the Commonwealth to secure his note of that date for $900 payable to its treasurer June 1, 1837, with interest. Davenport died in 1839, intestate, at Boston, leaving this note unpaid. Administration was had of his estate in Suffolk county and, upon its completion, his heirs conveyed this real estate to those under whom the demandant claims, as is fully stated in the opinion. The note having been transferred to

James N. Chandler, of Bangor, Maine, he petitioned the probate court of Franklin county at its April session, 1857, for the appointment of an administrator there upon Davenport's estate, which was granted at its next term. The validity of the note was contested before commissioners appointed for the purpose, the statute of limitations being invoked against it, but held to be no bar ; and, thereupon, license was given the administrator, at his request, to sell the whole township (or all his intestate's interest therein) because a partial sale would greatly injure the residue. The requisite notice was given and, no offer being made at the hour appointed for the sale, the administrator adjourned till two o'clock of the afternoon of the same day, when the whole tract, or all of Davenport's interest in it, was knocked off to Coe, as the highest bidder, for $2396.43.

At the time of this administrator's sale, January 2, 1860, the title which passed by the deed from Davenport's heirs was vested in Lewis Loomis, Ebenezer Gilson and Daniel Lawrence, each having a one-third interest. Lawrence went down to the auction sale, Gilson supposing he would represent all of their interests there; but Lawrence, between the hour originally appointed and that to which the sale was adjourned, bargained his third to Coe for $3000, and did not bid at the auction. Gilson and Loomis subsequently sold their shares to Joel R. Clark for $19,500, and Clark conveyed the same to the demandants for $10,000.

The main reason for invalidating the sale by the administrator was an alleged failure to take the requisite oath before fixing upon the time and place of sale. A certificate of the administration of the oath dated December 10, 1859, (after notice of sale was given, and within thirty days of the time fixed therefor) was found in the probate office; but there was testimony that from April 1, 1860, till May, 1869,—after this action had been commenced by writ dated September 5, 1868—no other certificate was filed there. The gentleman who advised the administrator in making this sale, &c., testified that he seasonably administered the oath, November 26, 1859, and then certified it upon the back of the license, upon a

Fowle v. Coe.

form prepared for that purpose, and filed it in the probate office; that he soon after borrowed it of the register and forgot to restore it to the probate files till 1869; and that, when he filled the other certificate, he accidentally substituted the day of filing for that of administering the oath. The former register, who acted in that capacity in 1859 and 1860, had deceased without having recorded the license and this endorsement thereon; but they were recorded by the present register, during the trial of this cause, and certified copies admitted in evidence, against the objection of the demandant. The court was to render such judgment as the facts, and inferences properly to be deduced therefrom, required.

*Abiel Abbott* and *H. L. Whitcomb*, for the demandant.

*Albert W. Paine*, for the tenant.

VIRGIN, J. Writ of entry dated September 5, 1868, to recover township numbered three, range three, west of the "Bingham Purchase," in the county of Franklin. Plea, general issue, with a brief statement claiming title in the tenant.

Rufus Davenport, of Boston, Mass., holding the legal title to the township, on April 30, 1836, conveyed in mortgage an undivided part thereof to the Commonwealth of Massachusetts, to secure the payment of his note, of that date, signed in the presence of an attesting witness, payable to "Hezekiah Barnard, treasurer of the Commonwealth of Massachusetts, or his successor in that office," for the sum of nine hundred dollars and interest, "on or before June 1, 1837." The note bears the indorsement—"without recourse—Moses Tenney, Jr., treasurer of the Commonwealth of Massachusetts."

Rufus Davenport died in September, 1839. In October following, letters of administration were granted on his estate, in Suffolk county, and the final account of the administrator was settled April 8, 1844, leaving a balance of $2614.32 in his hands which he duly distributed.

On June 4, 1853, the heirs of Davenport, by their deed of quit-

claim, in consideration of $3000, conveyed to Lewis Loomis, "all their right, title, interest and estate" to said township, being now under mortgage made by said Rufus Davenport to the Commonwealth, by deed dated the thirtieth day of April, 1836, to secure the payment of his note for $900 and interest, "subject to which the premises are now conveyed," &c. On the same day Loomis, by his deed of quitclaim, conveyed to Ebenezer Gilson, "one undivided third part of township No. 3, range 3, in Franklin county, as received from the heirs of Rufus Davenport. . . The premises being subject to the condition, reservations and incumbrances expressed in the deed of said township from the heirs of Rufus Davenport to me, of this date."

On July 16, 1866, Gilson, "in consideration of $16,000," conveyed to J. R. Clark the same premises—"meaning to convey all right, title and interest."

On May 30, 1864, Loomis conveyed one other third part to J. R. Clark, who on December 24, 1867, conveyed "all right, title and interest" to the demandants.

The title of the defendants is based on an administrator's sale, in this State ; and the regularity of the proceedings in the probate court is the main question.

Although courts of probate are declared by R. S., c. 63, § 1, to be "courts of record," having "an official seal," and "power to issue any process necessary for the discharge of their official duties," still their proceedings are not according to the course of the common law, but they are creatures of the statute, having a special and limited jurisdiction only. *Fairfield* v. *Gullifer*, 49 Maine, 360. Hence we must look to the statute for the jurisdiction of such courts in a given case. And while all of their decrees, made within their jurisdiction are conclusive unless appealed from, those without their jurisdiction, may be called in question, even collaterally. *Gross* v. *Howard*, 52 Maine, 192 ; *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, and cases there cited. And the fact that a court of probate, in giving judgment, passed upon the question of jurisdiction, does not preclude courts of common law from

Fowle v. Coe.

inquiring into the jurisdictional facts collaterally, and declaring the judgment of the probate court valid or void, as they shall find those facts true or false. *Jochumsen* v. *Suffolk Savings Bank*, *supra*. To this rule, however, R. S., c. 63, § 7, attaches an exception, not necessary to be considered in this case.

By R. S., of 1857, c. 63, § 4, a judge of probate may "grant letters of administration on the estates of all deceased persons . . . who died without the State leaving estate to be administered in his county, or whose estate is afterwards found therein;" but (by § 5) not "unless it satisfactorily appears to the judge, that there is personal estate of the deceased amounting to at least twenty dollars, or that the debts due from him amount to that sum, and in the latter case, that he left that amount in value of real estate."

The petitioner (Chandler) alleged in his petition to the judge of probate for the county of Franklin that the intestate (Davenport) "late of Boston," &c., "died several years since, seized and possessed of valuable real estate situated in said county of Franklin, which ought to be administered according to law. . . and that he is a principal creditor of said deceased." The truth of these facts, it would seem, was made "satisfactorily to appear" to the judge, for his decree recites that "the facts therein being fully proved," he decrees "that administration of said estate be granted to Joseph W. Fairbanks," &c.

The case finds that the intestate "died possessed of the title of township No. 3, in Franklin county," "in September, 1839 ;" and the inventory finds the value of the township to have been $3000 —the low figure at which it is there placed being occasioned, probably, by the doubt which the Maine Reports show existed in relation to the title. So much as to the value and locality of the real estate, as elements of jurisdiction.

As to the debt due. The amount was $900 and interest from April 30, 1836.

Whatever may have been the effect of the indorsement, (the note not being negotiable) it appears that the note became the property of James N. Chandler, of Bangor, who was the petitioner

for administration; and that it constituted the evidence of the debt against the estate.

If it be said that the debt was created in Massachusetts, where the decedent had his domicile, and that the holder having failed to present it there until it was barred there, where the administrator held a sufficient balance to pay it; and that having thereafterwards become the property of an inhabitant here, it cannot become the subject of administration, and that hence the citizen of this State has no remedy—the answer is, that the administrations of the estates of the same decedents in different States where there are creditors and property belonging to the same estate, are regarded as wholly independent of each other. *Low* v. *Bartlett*, 8 Allen, 259; that there is no privity between the different administrations; but that each is sovereign within its own limits; that the statute of limitations had not attached in Maine, even if it had in Massachusetts. *Putnam* v. *Dike*, 13 Gray, 535; and "according to present views, the debt was only barred so long as it remained within the jurisdiction" of Massachusetts. 3 Redfield on Wills, 31, note 23. We are of the opinion, therefore, that the note and the real estate here afforded the probate court of Franklin county jurisdiction.

Having jurisdiction in the appointment of administrator, and there being no personal estate, the judge of probate had authority to grant a license to sell the real estate to pay the debt, and to sell the whole. R. S., c. 71, § 1. It is objected, however, that the administrator did not seasonably take the oath required by c. 71, § 4. The license was issued on January 4, 1859. The certificate of the oath upon the back of the license bears date November 26, 1859. These were not recorded until some time during the trial, in September, 1870; when, the register, who attested the license having deceased, they were recorded by his successor, in accordance with the provisions of Public Laws of 1870, c. 113, § 3. Thereupon, certified copies of the record became legal evidence. Moreover, the magistrate who administered and certified the oath testifies that "the oath was administered the day it pur-

ports to have been—the certificate was made at the time, and is now as it was originally. I know that the oath was administered before the sale was advertised." If there had been "no certificate returned," this evidence would "have the same effect as if a certificate had been returned, filed and recorded." Public Laws of 1859, c. 59.

The affidavit of the administrator, made on April 2, 1860, ("within eighteen months after the sale,") and filed in the probate office, &c., as provided by R. S., c. 71, § 26, also recites the facts of notice, oath, &c., pertaining to the sale. By this affidavit it appears that the sale did not take place at eleven o'clock, A. M.—the hour fixed in the original notice—for that "not having any offer," the administrator "adjourned to the same place, at two o'clock in the afternoon, and gave reasonable notice of said adjournment, as the law directs." This is a compliance with R. S., c. 71, § 19, which requires "such reasonable notice thereof as circumstances will permit." An adjournment for so short a time is not susceptible of a very extensive notice. The specific kind of notice would seem to be submitted to the discretion of the administrator, as is the "notice" and "reasonable time" for an execution debtor to select an appraiser under R. S., c. 76, § 1, submitted to the discretion of the levying officer. *Fitch* v. *Tyler*, 34 Maine, 463; *Howe* v. *Wildes*, Id., 566. The statement in the affidavit that the notice was given "as the law directs," is as certain and definite as the recital in the caption of a deposition that the deponent was "duly sworn" or "sworn according to law;" both of which have been considered sufficiently specific. *Dennison* v. *Benner*, 41 Maine, 332; *Bachelder* v. *Merriman*, 34 Maine, 69.

The date of the deed was within a year from the date of the license. And notwithstanding the acknowledgment was subsequent thereto, in the absence of controlling facts not found in this case, it takes effect from its date. *Poor* v. *Larrabee*, 58 Maine, 543.

The sale was public. All who desired to bid had ample opportunity. The mere inadequacy of price paid by this defendant

affords no reason for avoiding a fair sale at public auction. *Webster* v. *Calden*, 53 Maine, 203 ; *Brotherline* v. *Swires*, 48 Penn. St. R., 68. The original proprietor charged the land in controversy with the payment of the debt, and he and his successors notified the world of the fact by solemn declarations in their deeds. The law compels us to order          *Judgment for the defendant.*

APPLETON, C. J., WALTON, DICKERSON and BARROWS, JJ., concurred.