PEOPLE'S SAVINGS BANK IN PROVIDENCE *vs.* HOLDER N. WILCOX *et als.*

W. died a resident of Providence. Letters of administration were granted to A., in Tiverton, where W. had formerly resided. Subsequently letters of administration were granted in Providence to B.

In a bill of interpleader against A. and B. to determine which was entitled to the assets of W., —

*Held,* that the letters of administration granted in Tiverton were void.

*Held,* further, that want of jurisdiction in the Probate Court of Tiverton could be shown collaterally, although the decree of the Probate Court described W. as "late of Tiverton."

Probate Courts in Rhode Island are courts of limited jurisdiction.

When the jurisdiction over a case, of a court of limited jurisdiction, depends on some fact which can be decided without deciding the case on its merits, the jurisdiction may be questioned and disproved collaterally, although the jurisdictional fact is averred of record, and has been on evidence actually found by the court.

But when the question of jurisdiction is so involved in the subject-matter of the suit that it cannot be separately decided, the judgment rendered is conclusive in collateral proceedings.

BILL OF INTERPLEADER.

*February* 13, 1886. DURFEE, C. J.  Mary A. Wilcox died November 4, 1882, leaving on deposit in the People's Saving Bank, in the city of Providence, the sum of about $800. Shortly before her death she made a gift *causâ mortis* of the money to the defendant, George A. Sayer, delivering to him the bank-book to

that intent, in trust, nevertheless, to pay from said money her debts and funeral expenses, and to pay the residue over to one Emma B. Moshier, her cousin.  She was when she died, and for some time had been, a domiciled inhabitant of the city of Providence, resident therein, though she had at a previous period resided in the town of Tiverton.  Shortly after her death, to wit, on December 4, 1882, the defendant, Holder N. Wilcox, her uncle and one of her next of kin, was appointed administrator on her estate by the Court of Probate of Tiverton, on his application, wherein she was described as " late of Tiverton, deceased."  Subsequently, to wit, on March 11, 1885, the defendant, George A. Sayer, was appointed administrator on her estate by the Municipal Court of the city of Providence, a court exercising probate jurisdiction in said city.  The defendants both claim the deposit, Wilcox as administrator, and Sayer both as administrator and as donee *causâ mortis*.  The question is, which of the two is entitled to it.

Sayer contends that the Court of Probate of Tiverton had no jurisdiction to appoint Wilcox, and that his appointment is therefore null and void.  Wilcox contends that his appointment cannot be questioned collaterally, but must be presumed to be valid until it is set aside in some direct proceeding.  There is a diversity of decision upon the question raised by this contention.  The conflict is irreconcilable.  The reasons are strong on both sides.  On the one side it is urged that when a court, even though it be an inferior tribunal, has jurisdiction under particular circumstances, its decision that the circumstances exist ought to be as conclusive, until set aside in some direct proceeding, as its decision on any other question of fact in the case.  This is a view which strongly commends itself when the parties have been heard; but the question may be decided by default, though the practice is a bad one, without hearing and without any *actual* notice, when the notice is by publication or posting, the parties having no reason to be on the lookout for notice from a court which has no jurisdiction. The appointment of Wilcox was made without hearing.  Again, it is urged that, for the security of persons dealing with the administrator on the supposition that he had been properly appointed, the appointment ought to be sustained.  There is great cogency in

point of policy in this argument.   We have been greatly inclined
to yield to it.   But on the other hand the question arises, How
upon principle can a court acquire jurisdiction by simply deciding
that it has it, when the circumstances which are necessary to give
it do not exist?   We have come to the conclusion, after much con-
sideration, that the rule applicable to courts of limited jurisdiction,
which is the better established on principle and authority, is this:
That, where the jurisdiction depends on some collateral fact which
can be decided without going into the case on its merits, then the
jurisdiction may be questioned collaterally and disproved, even
though the jurisdictional fact be averred of record, and was actu-
ally found upon evidence by the court rendering the judgment.
*Chew* v. *Holroyd*, 8 Exch. Rep. 249 ; *Bunbury* v. *Fuller*, 9 Exch.
Rep. 111 ; *Wanzer* v. *Howland*, 10 Wisc. 8 ; *Clark* v. *Holmes*, 1
Doug. Mich. 390 ; *Holyoke* v. *Haskins*, 5 Pick. 20 ; *Jochumsen* v.
*Suffolk Savings Bank*, 3 Allen, 87 ; *Culver's Appeal*, 48 Conn. 165 ;
*Sears* v. *Terry*, 26 Conn. 273, 285 ; *Fowle* v. *Coe*, 63 Me. 245 ;
*Salladay* v. *Bainhill*, 29 Iowa, 555 ; *Wyatt's Adm'r* v. *Rambo*, 29
Ala. 510, 520 ; *Wilson* v. *Frazier*, 2 Humph. 30 ; *Johnson* v.
*Corpenning*, 4 Ired. 216 ; *Moore* v. *Smith*, 11 Rich. 569, 577 ;
*Burns* v. *Van Loan*, 29 La. An. 560 ; *Miller* v. *Jones' Adm'r*, 26
Ala. 247 ; *Brown* v. *Foster*, 6 R. I. 564; 1 Smith Lead. Cas.
*820.   But on the other hand, where the question of jurisdiction
is involved in the question which is the gist of the suit, so that it
cannot be decided without going into the latter question, then the
judgment is collaterally conclusive, because the question of juris-
diction cannot be retried without partly at least retrying the case
on its merits, which is not permissible in a collateral proceeding.
*Brittain* v. *Kinnaird*, 1 Brod. & B. 432 ; *Regina* v. *Bolton*, 1
Q. B. 66 ; *Basten* v. *Carew*, 3 B. & C. 649 ; *Cave* v. *Mountain*,
1 M. & G. 257 ; *Staples* v. *Fairchild*, 3 N. Y. 41 ; *Angell* v. *Rob-
bins*, 4 R. I. 493.   The distinctions recognized in the rule as stated
seem to have been observed by this court in deciding the cases of
*Brown* v. *Foster*, 6 R. I. 584, and *Angell* v. *Robbins*, 4 R. I. 493,
above cited.

We think the courts of probate of this State are technically
courts of limited jurisdiction.   They seem to be recognized as

such in Pub. Stat of R. I. cap. 181, § 5.[1] Similar courts have been treated as, or decided to be, such in other New England States. *Wattles* v. *Hyde*, 9 Conn. 10 ; *Sears* v. *Terry*, 26 Conn. 273 ; *Overseers of Fairfield* v. *Gullifer*, 49 Me. 360 ; *Fowle* v. *Coe*, 63 Me. 245 ; *Holden* v. *Scanlin*, 30 Vt. 177 ; *Hathaway* v. *Clark*, 5 Pick. 490 ; *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. Mary A. Wilcox, it is admitted, did not reside in Tiverton when she died, though such residence was necessary to give the Court of Probate of Tiverton jurisdiction. It follows that the grant of letters of administration to the defendant, Wilcox, was void, and may be treated as a nullity in the present suit ; for the question of residence is a collateral question which can be tried by itself. A decree will therefore be entered directing the payment of the deposit to the defendant Sayer, but under the circumstances it will be without costs.

*James Tillinghast*, for complainant.
*Edwin D. McGuinness*, for respondent Wilcox.
*George T. Brown*, for the other respondents.

---

[1] As follows : —

" No order, judgment, or decree of a court of probate or town council, which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject-matter of such order, judgment, or decree; and, in cases appealed from, the appellate court having jurisdiction of the parties may allow amendments to be made in the papers filed in any such case, to supply any deficiency or correct any errors therein, upon such terms and conditions as the appellate court may deem proper, and may proceed, without reference to the order, judgment, or decree of the court of probate or town council, to enter such judgment as the justice of the case may require."