Providence County Savings Bank *vs.* Ann Hughes *et al.*

PROVIDENCE—APRIL 1, 1904.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Probate Law and Practice. Guardians. Judgments.*

A petition to a Probate Court requested the appointment of a guardian upon the person and estate of a person of full age, on the ground that he was "incompetent of managing his estate." The decree of the court recited that "he being a person of full age and incompetent of managing his estate . . . it is decreed that the request be granted and . . . is appointed guardian of the person and estate." The letter of guardianship also recited the same ground of appointment,—

*Held,* that the petition stated no case within the provisions of Pub. Stat. cap. 168, § 7, and as the decree was based upon the ground set out in the petition, it followed that all that the court found were the facts alleged as such ground, and as this was not sufficient to warrant the appointment of a guardian, the decree was a nullity.

*Held,* further, that, as the ground specified in the application and followed in the decree and letter of guardianship was not a statutory one, it ap-

peared from the record that the court had no jurisdiction, and hence the judgment of the court was not within Pub. Stat. cap. 181, § 5, providing that "no decree of a probate court . . . in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed for want of jurisdiction appearing on the face of the papers, if the court had jurisdiction of the subject-matter of such . . . decree."

BILL OF INTERPLEADER.    Heard on bill, answers, and proof.

TILLINGHAST, J.   This is a bill of interpleader, and is brought for the purpose of having the court determine the conflicting claims of the respondents to the sum of $372.69, now in the registry of the court, said sum being the balance left after the foreclosure of the mortgage on certain real estate situated in the city of Central Falls and formerly owned by John Makin and Catherine Makin, and mortgaged by them to the complainant.

The respondents are heirs at law of said John and Catherine Makin, and make adverse claims to said fund.

The only question presented for our decision in the case is whether or not John Makin, who inherited an interest in said real estate from his son Joseph Makin, who died intestate June 21, 1890, was under guardianship at the time when he executed and delivered to the respondent Ann Hughes, on June 20, 1890, the deed of all his right, title, and interest in and to said real estate, from the sale of which, under a prior mortgage to the complainant, the fund now in dispute arose. Said John Makin, the grantor in the deed to Ann Hughes, died intestate, February 9, 1893.

The facts relating to the guardianship are as follows:   On November 24, 1888, the following petition was presented to the Probate Court of the town of Lincoln, viz.:   "The undersigned, John Makin, of said Lincoln, hereby requests that William H. Gooding of said Lincoln or some other suitable person, may be appointed guardian of his person and estate, he being a person of full age and incompetent of managing his estate."

"(Signed.)        JOHN $\overset{\text{his}}{\times}$ MAKIN."
$\phantom{"(Signed.)        JOHN }_{\text{mark.}}$

The action of the court in the premises was as follows:

"At the Court of Probate of the town of Lincoln on this 29th day of December, 1888.  The petition of John Makin, of Lincoln, in writing requesting that William H. Gooding of said Lincoln, or some other suitable person may be appointed guardian of his person and estate, he being a person of full age and incompetent of managing his estate, which was presented to this court on the 24th day of November, A. D. 1888, and then referred to this time with an order of notice thereon, is now again taken up, and it appearing that notice has been duly given pursuant to said order, and no person appearing to object.  Upon consideration thereof it is ordered, adjudged, and decreed, that the request of said petitioner be granted and said William H. Gooding is hereby appointed guardian of the person and estate of said John Makin."

The letter of guardianship to Gooding recites the ground upon which he was appointed, which is the same as that stated in both the petition and decree aforesaid.

(1)    Counsel for the respondent Ann Hughes contend that the record above set out affirmatively shows a want of jurisdiction on the part of the Probate Court to appoint a guardian of John Makin, for the reason that the ground for said appointment alleged in the petition and incorporated in the decree is not one of the grounds enumerated in Pub. Stat. R. I. cap. 168, § 7, in force at the time of said appointment, and hence that the action of the Probate Court in the premises was a nullity.

The statute referred to reads as follows:  "Whenever any idiot or lunatic, or person of unsound mind, or any person who from excessive drinking, gaming, idleness or debauchery of any kind, or from want of discretion in managing his estate, shall be likely to bring himself or family to want, or to render himself or family chargeable, shall reside or have a legal settlement in any town, the Court of Probate of such town shall have the right to appoint a guardian of the person and estate of such person, and of the estate, within this State, of such person resident without this State."

Under this statute it would seem to be clear that the jurisdiction of a Probate Court in the appointment of guardians

is limited to those cases where the person sought to be put under guardianship is likely, for some one or more of the reasons therein named, to bring himself or family to want or to render himself or family chargeable. And this being so, it follows that no case was stated in the petition referred to which warranted the court in appointing a guardian. And as it appears that the decree which the court passed was expressly based upon the ground set out in the petition, it also follows that all that the court found in the premises was that the petitioner was incompetent of managing his estate. But as this was not sufficient to warrant the appointment of a guardian (*Pratt* v. *Court of Probate,* 22 R. I. 596; *Hopkins* v. *Howard,* 20 R. I. 394), the decree was a nullity. See also *Overseers of the Poor* v. *Gullifer,* 49 Me. 360.

But counsel for the respondents Ann and Maria Makin contends that as under Pub. Stat. R. I. cap. 181, § 5, the Probate Court had jurisdiction of the subject-matter of the appointment of guardians, its action in the premises is conclusive and can only be revoked or repealed for cause, by some proceeding operating directly upon the record. The statute relied on reads as follows: "No order, judgment or decree of a court of probate or town council, which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject-matter of such order, judgment or decree," etc.

In construing this statute in *Angell* v. *Angell,* 14 R. I. 541, which is the case mainly relied on by counsel for the respondents Ann and Maria Makin in support of the position taken by him, the court held that under it "a judgment of a Probate Court was to be upheld as *prima facie* valid even where the record did not show by allegations or recitals the existence of jurisdictional facts necessary to its validity." Durfee, C. J., in delivering the opinion of the court in that case, says (p. 544): "We think it fair to assume that the purpose of the statute in this respect was to communicate to the judg-

ments and decrees of our Probate Courts and town councils the presumptions which attach to the judgments and decrees of courts of superior jurisdiction, in regard to which the common-law rule is that in collateral proceedings the jurisdiction will be presumed, if it can exist, unless the contrary appears." See also *Hunt* v. *Gorton*, 20 R. I. 163.

The law as thus stated is not only not in conflict with the view which we have taken of the case at bar, but clearly sustains the same. For, while the Court of Probate had jurisdiction to appoint a guardian for John Makin upon any of the grounds enumerated in the statute, it had no jurisdiction to appoint one on any other ground. And as the ground specified in the application and followed in the decree and also in the letter of guardianship was not a statutory one, *it appears from the record* that the court had no jurisdiction in the matter.

Suppose, by way of illustration, that the petition had set out that John Makin was unable to pay his debts and that he desired that a guardian of his person and estate might be appointed, and that the court had thereupon granted his petition and appointed such a guardian upon the express ground stated. Could it be reasonably contended that such a decree would be of any binding force? Take the following illustrations. Suppose the petition had alleged that John Makin was not a person of ordinary intelligence, or that he was imprudent in the management of his affairs, or that he was addicted to habits of intemperance, or that he was in the habit of gambling. Could anyone legally claim that the Probate Court would thereby have acquired jurisdiction to appoint a guardian over him on any of those grounds? Clearly not. For, in every such case the facts would appear which would show a want of jurisdiction, and hence the case would fall within the exception stated by Durfee, C. J., *supra*, viz.: "That in collateral proceedings the jurisdiction will be presumed, if it can exist, *unless the contrary appears.*" And in each of the cases supposed the contrary does appear, as it also does in the case before us.

If the petition had been silent as to the ground upon which

a guardian was asked for, it would be aided by presumptions. And even if it had not been silent, but had stated a ground which was not a statutory one, as was true in the Angell case, yet if the decree were not expressly based upon the unstatutory ground, but were a decree for the appointment of a guardian simply, it would also be aided by the presumption that the court had acted within its jurisdiction. But, as said by Mr. Black in his valuable work on Judgments, vol. 1, 2d ed. § 277: "If it recites such facts, and the facts recited are not sufficient to confer jurisdiction, there can be no presumption that the recital is incorrect or incomplete. Where the existence of any jurisdictional fact is not affirmed upon the record in a court of superior jurisdiction, it will be presumed upon a collateral attack, that the court acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared. But no presumptions in support of a judgment are allowed in opposition to any statement made in the record." See also section 278, *ib. Hahn* v. *Kelly*, 34 Cal. 391, and *Peoples Saving Bank* v. *Wilcox*, 15 R. I. 258. And if no such presumptions obtain in support of a judgment of a court of superior juirsdiction, they certainly can not be held to obtain in support of a judgment of a court of limited jurisdiction, which a Court of Probate in this State is. *Bank* v. *Wilcox, supra.* And, at most, under the ruling of this court in *Angell* v. *Angell, supra,* the presumptions which under the statute attach to the judgments of Probate Courts are only equal to those which attach to the judgments of superior courts.

In what we have hereinbefore said relative to the question of jurisdiction in the Probate Court we do not overlook the fact, already suggested, that in *Angell* v. *Angell, supra,* the ground upon which the petition for the appointment of a guardian was based was not a statutory one, as expressly held by the court. But, nevertheless, in that case, for aught that appears, the Probate Court might have found that a statutory ground did exist. And in the absence of anything appearing on the record to the contrary (the decree which we find in the papers not specifying the ground upon which

it was granted), it.is to be presumed that the Probate Court did so find, and that this is the reason why its action was upheld.

In this connection we may observe that two guardians of Vashti W. Angell had been previously appointed by the same Probate Court, as the papers show (see also *Angell* v. *Court of Probate*, 11 R. I. 187), the first one having been appointed on the ground that she was a person who was intemperate and from want of discretion in the management of her estate was likely to bring herself to want and to render herself chargeable to the town; that upon the resignation of said first guardian a second one was appointed as his successor who subsequently died, and that the application for the appointment of a guardian in place of the one who had died was embodied in the petition which was before this court when said opinion was rendered.

In view of these facts it is certainly fair to presume that the appointment last made was based upon a statutory ground.

Indeed, Chief Justice Durfee says, on p. 545 of the opinion: " The probability is that the appellant was appointed as successor to the second, and on the ground on which the second had been appointed."

For the reasons above given we are of the opinion that John Makin was not under guardianship at the time of giving the deed in question, and hence that it was effectual to convey to the grantee Ann Hughes all his right, title, and interest in and to the property described therein.

*John A. Tillinghast,* for complainant.
*Page & Page and Cushing,* for respondent Hughes.
*Thomas F. West,* for other respondents.