*(margin: Fox v. New Orleans.)*

---

## SUCCESSION OF WILLIAM H. LYNE.

*(margin: 12 155 / 109 288)*

A minor emancipated under the Act of the Legislature of March 1855, but not yet over twenty-one years of age, is invested with all the capacities in relation to his property and obligations which he would have had actually at the age of twenty-one years, and may be appointed Administrator of a succession.

APPEAL from the District Court of Pointe Coupée, *Cooley,* J.

*U. B. & E. Phillips*, for defendant and appellant. *Provosty*, for appellees.

The following reasons were given for his judgment by

COOLEY, J. The Article 1035 of the Civil Code provides that, "In the choice of an administrator the preference should be given to the beneficiary heir over every other person, *if he be of age and present in the State.*"

*John R. Lyne* was emancipated under the Act of March 15th, 1855, 444, but is not yet over twenty-one years of age, and he is one of the beneficiary heirs of the deceased, all the other children being minors.

In the case of *Briscoe and Wife* v. *Farthington*, 5 A. R. 692, the objection made by the Supreme Court to the appointment of a minor emancipated by marriage, as an administrator was, that "he could not bind himself by promise or obligation for any sum exceeding the amount of one year of his revenues, and that he could not alienate, affect, or mortgage his immovables or slaves

without the authority of the Judge, which can only be granted on the advice of a family meeting," and that, therefore, he could not sign an administrator's bond.

In the case of an emancipated minor under the Act of 1855, by which he is dispensed from the time prescribed by law for attaining the age of majority, he is invested with all the capacities in relation to his property and obligations, which he would have, had he actually arrived at the age of twenty-one years. See 6 R. R. 429 ; 9 L. R. 570.

The Code does not seem to require any peculiar personal fitnes or capacity to fill the office of administrator, at all events, we are bound to presume that the opponent is capable of managing his estate and affairs, at least as much so as he will be at the age of twenty-one years,—because the family meeting and the judgment thereon have so decided,—and besides, there is no suggestion of incompetency against him.

I presume, that when the Code required the applicant to be of age, the legislature had in view the capacity of binding himself on the part of the administrator, and not a personal fitness which may be presumed in a person of 21 years of age. It is probable, that if this latter view had been taken, the requirement of the age of twenty-one years would have been stated in express words.

SPOFFORD, J. For the reasons assigned by the District Judge, it is ordered that the judgment in this case be affirmed, with costs.