## WINN *v.* MORSE.

Under the bankrupt act, property exempt from attachment under the state law does not pass to the assignee in bankruptcy, and the bankrupt may maintain an action for the recovery of such property in specie, or for damages for wrongs done in respect to it.

TROVER, for two horses, three cows, one bull, one hundred and fifty bushels potatoes, six tons of hay, two calves, and one pair harnesses. Writ dated January 20, 1877. Facts found by a referee. The conversion of the property by the defendant was on or about November 10, 1875. The plaintiff was adjudged a bankrupt February 11, 1876, upon a creditors' petition, and an assignee appointed. At the hearing the plaintiff claimed to recover only the value of the property exempted from attachment by the laws of this state. The referee found that one of the cows, the hog, seventy-five bushels of potatoes, and four tons of the hay were exempt, and assessed damages to the plaintiff accordingly. None of the property was ever set out or conveyed to the plaintiff by the assignee. Before the commencement of this suit, the plaintiff notified the assignee that he claimed the cow, but gave no notice of any claim as to the hog, hay, or potatoes which had then been consumed. The assignee was present at the hearing, and made no claim to the exempted property.

*Carpenter*, *Putnam*, and *Bingham & Mitchell*, for the plaintiff.

*Duncan & Ladd*, for the defendant.

CLARK, J. By the bankrupt act, property exempted from levy and sale upon execution or other process, by the laws of the state in which the bankrupt has his domicile, is exempted to the bankrupt. It is excepted from the operation of the act, and the exemption of such property to the bankrupt is absolute. It does not pass to the assignee, and the title of the bankrupt is in no way affected or impaired by the neglect or failure of the assignee to designate or set apart the exempted property. The assignee has no control over it, and it is immaterial whether it has been set apart by him or not. It remains the property of the bankrupt, free from any control or interference on the part of the assignee, to all intents and purposes the same as though no bankrupt proceedings had been instituted. U. S. Rev. St., *s.* 5045 ; Bump on Bankruptcy, 5th ed., 133 ; *Robinson v. Wilson*, 15 Kans. 595. Hence the right of action for any wrongs committed in respect to such property remains in the bankrupt, and he may maintain an action for the recovery of the property in specie or for damages done to it, independent of the assignee ; and it has been held to be no defence

in such a case that the property had been surrendered to the assignee upon demand. In *Wilkinson* v. *Wait*, 44 Vt. 508, the defendant, a constable, attached a yoke of oxen belonging to the plaintiff, which were exempt from attachment under the laws of Vermont. Subsequently proceedings in bankruptcy were instituted against the plaintiff, and the defendant surrendered the oxen to the assignee of the plaintiff. who sold them for $323.50. The plaintiff afterwards brought his action against the officer for the conversion of the oxen, and it was held that he was entitled to recover the full value of the oxen, with interest from the time of the conversion, as damages.

The defendant contends that statutory exemptions are limited to specific chattels, and do not extend to mere choses in action or rights to recover damages for torts, and therefore this action cannot be maintained. This argument is based upon an assumption, not warranted by the facts, that the property had all been consumed when the plaintiff was adjudged a bankrupt. It does not appear that any of it had been changed, or that the specific property was not all in the possession of the defendant at that time; and it does appear that the cow was in existence when this suit was commenced, and the plaintiff could have maintained replevin for it. If he could have maintained replevin for the specific property, he could maintain trover for the value of it. His right cannot depend upon the particular form of action in which he seeks to enforce it. But the defendant is not in a position to raise the question of exemption. He is not a creditor. The objection, that the cause of action is not within the list of statutory exemptions secured to the plaintiff, can be interposed only by the assignee as trustee of the creditors. If he assents to the maintenance of the action by the bankrupt, nobody else can object, and the case shows that the assignee had notice of the suit and made no claim. *Towle* v. *Davenport*, 57 N. H. 149; *Towle* v. *Rowe*, 58 N. H. 394.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.