# Davis v. Miller, Admr.

### Petition to revoke Letters of Administration.

1. *Application for letters of administration; incorrect statement of date of intestate's death immaterial.*—The fact that the petition for the granting of letters of administration incorrectly stated the date of the intestate's death, is immaterial, and furnishes no ground for revoking the letters granted on such petition

2. *Same; petition need not be sworn to, or filed by attorneys instead of petitioner.*—In an application for letters of administration it is not necessary for the validity of the grant that the petition be sworn to, nor is it necessary that the petition be filed in the name of counsel for the petitioner, instead of in the petitioner's own name.

3. *Same; letters granted to minor voidable only, and not void.*—Letters

[Davis v. Miller, Admr.]

of administration granted to a minor, after legal proceedings on a petition in legal form and containing all the facts necessary to call into exercise the jurisdiction of the probate court, are voidable only, and not void.

4. *Letters of administration to minor; can not be revoked after attaining majority and ratifying appointment and all acts done.*—Where, in the exercise of jurisdiction legally invoked, the probate court grants letters of administration to the intestate's widow, who at that time was a minor, but after attaining her majority she ratifies her appointment as administrator, confirms her bond as such, and ratifies all acts done by her in such representative capacity, the letters of administration can not be revoked because they were granted to a minor

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

This was a proceeding commenced by a petition to the probate court of Mobile county, filed by Mathew L. Davis, seeking to have letters of administration granted upon the estate of Rudolph Miller, deceased, to the appellee, Sarah M. Miller, revoked. The grounds upon which the revocation was asked, were as follows: "1st. Because said petition, upon which letters were originally granted, alleges that said Rudolph Miller died Dec. 28th, 1892, which your petitioner avers is not true. 2d. Because the petition, upon which letters were granted to Sarah M. Miller, as administratrix, is not signed or sworn to by her. 3d. Because at the time said letters were granted to Sarah M. Miller, on to-wit, Aug. 17th, 1892, she was a minor and incapable under the law of being appointed administratrix." The petitioner was neither a creditor, a legatee, a devisee, an heir, a distributee, nor co-administrator, or surety, as provided under section 2047 of the Code.

Sarah M. Miller, the respondent named in said petition, demurred to the petition on the following grounds: "1st. Because said M. L. Davis does not appear thereby to be a creditor, legatee, devisee, heir, or distributee, co-administrator or surety. 2d. Because said M. L. Davis does not appear from said petition to have such an interest in said matter as would enable him to apply for the removal of this respondent from the administration of said estate. 3d. Because said petition does not charge the existence of any statutory grounds for her removal. 4th. Because the clerical error in the date of the death of

the said decedent is not ground for the removal of the said administratrix; nor is it necessary that the application for letters of administration should be signed or sworn to by the applicant, nor does it appear from said petition that said administratrix would still be a minor at the time of the hearing of said petition."

The other facts of the case are sufficiently stated in the opinion. The demurrer to the petition was sustained, and a decree was rendered denying the relief prayed for in the petition, and dismissed it. The petitioner appeals from this decree and assigns the rendition thereof as error.

FRANK B. CLARK, JR. and LEVERT CLARK, for appellant.—A minor is not competent by law to accept the office of administrator, and can not be bound by a bond, as is required by law; and letters of administration issuing to a minor are void.—Code of 1886, §§ 2004 ; 2006, 2011, 2014 ; Cook v. Adam, 27 Ala. 294: Carow v. Mowatt, 2 Edwards Ch. Rep. 59 ; Perryman v. Burgster, 6 Port. 99, Brown v. Williams, 87 Ala. 353. The fact that the infant applying for letters of administration is the wife of the decedent, does not qualify her for receiving the appointment.—Briscoe v. Tarkington, 5 La. Ann. 692.

It was the duty of the probate court, upon application of any party in interest to annul the letters of administration granted to the decedent's wife, while she was a minor.—Schouler on Executors, § 155 ; Clement's Case, 25 N. H. 361 ; Pew v. Hastings 1 Barb. (N. Y.) 452 ; Crawford v. Tyson, 46 Ala. 299 ; Curtis v. Williams, 33 Ala. 570; McCabe v. Lewis, 76 Mo. 296.

GREGORY L. & H. T. SMITH, contra.—1. It is irregular to appoint a minor as an administrator, but such an appointment is not void. It might be revoked, but only upon proper proceedings for that purpose.—English v. McNair, 34 Ala. 48; Bradley v. Broughton, 34 Ala. 705. It is like the failure of an administrator to give bond; it creates a proper ground of revocation, but does not avoid the appointment.—Ex parte Maxwell, 37 Ala. 362 ; Leatherwood v. Sullivan, 81 Ala. 462. Where a minor is appointed an administratior of an estate and brings suit as administrator against another person, and then becomes of age and ratifies the appointment as administra-

tor or executor, it does not lie in the mouth of the de-
fendant in such suit to say that she should not recover
because there was a time when she could have avoided
the administrator's bond.—*Savage v. Benham*, 17 Ala.
126.

2. The appellant in this case, has no standing in
court; he is not one of the persons authorized by law to
petition for the removal of the administratrix. The
proper administration of the estate could in no wise
benefit him, and he can not complain that the court err-
ed in not doing at his instance what might have been
proper for it to have done had the motion been made by
the proper party.—Code, §§ 2045-6; *Goodwin v. Hooper*, 45
Ala. 618; *Coltart v. Allen*, 40 Ala. 156.

COLEMAN, J.—Letters of administration were gran-
ted by the probate court of Mobile County to Sarah M.
Miller upon the estate of her deceased husband during
her minority. As administratrix she instituted suit
against M. L. Davis. Pending this suit, M. L. Davis
applied to the probate court to revoke the letters of ad-
ministration. The application for her removal was bas-
ed upon several grounds.

The fact that the petition for letters incorrectly stated
the date of her intestate's death was immaterial. The
only important question was, whether he was in fact
dead, when the letters were granted, and when the pe-
tition was filed. Nor was it necessary or material that
the petition was filed by attorneys at law for her, in-
stead of in her own name; nor was it necessary that
the petition should nave been sworn to. The petition
was in legal form and contained all the facts necessary
to call into exercise the jurisdiction of the court. It was
admitted that Sarah M. Miller had not arrived at
legal age at the time of her appointment, and
it is also an uncontroverted fact, that prior to
the time of the action of the court upon the
application made to have her removed, that
she attained full age, and appeared in court, and in
writing formally ratified and confirmed her appoint-
ment as administratrix, her bond as such, and all and
singular her acts done by her in a representative capaci-
ty. At the hearing the court sustained a demurrer to
the application for her removal, and denied and dis-
missed the same.

[Davis v. Miller, Admr.]

Pretermitting the fact, that M. L. Davis, a debtor, is not included in any class of those authorized by the statute, (Code, § 2047), to interfere and apply for the revocation of letters of administration after the same have been issued, the question involved is, whether letters granted to one during his or her minority are void or voidable, and if voidable, whether the court erred in refusing to revoke them.

In the case of *Savage v. Benham, Admr.*, 17 Ala. 126, the court used the following language: "We are clearly of opinion that her appointment at most was only voidable, and that having consented to the appointment and fully ratified it since she has come of age, by filing her bill and proceeding in the cause of administration upon the effects of her deceased husband, she could not set up her infancy to avoid the grant of administration or her liability upon her bond. 　 * 　 * 　 * 　 * 　 * 　 * 　 It does not lie with the defendants to say she should not recover, because there was a time, when she could have avoided her bond."

In the case of *English's Ex'r v. McNair's Adm'rs*, 34 Ala. 48, *arguendo* in reference to the validity of letters of administration granted to a married woman, it is said: "Her administration, like that of an infant or alien, might be at any time, by appropriate proceeding, revoked; but in the absence of such revocation it is not to be deemed a nullity."

The principles upon which these decisions rest, have been often recognized by this court. We think they are correct, and adhere to them.

The court had jurisdiction to grant letters upon the estate of decedent. The person appointed was the widow and the proper person to administer.—Code, § 2014. Her capacity is not questioned. No question is made as to the sufficiency and validity of her bond. She formally and in court, after attaining her legal majority, ratified the appointment, her bond, and all acts done in her representative capacity during her minority. We do not see how the court could have acted otherwise with due regard to legal principles and the rights of the administratrix.

Affirmed.