W. F. Ewing v. Daniel Mallison, *as Adminis-trator, etc., et al.*

No. 12,687. (70 Pac. 369.)

SYLLABUS BY THE COURT.

1. PROBATE COURT —*Appointment of Administrator— Collateral Attack.* The action of a probate court in appointing an administrator and issuing letters of administration is judicial in its nature, and is not open to collateral attack, unless the court acted without jurisdiction.

2. ——— *Deceased must have been an Inhabitant or Resident.* The probate court of a county has no jurisdiction over the estate of a deceased resident of this state to appoint an executor or administrator, or to prove a will, unless the deceased was at the time of his death an inhabitant or resident of the county of such probate court.

3. ——— *True Place of Residence of Deceased may be Shown in a Collateral Proceeding.* The place of residence of the deceased at the time of his death is an essential, collateral, jurisdictional question of fact. · This fact is not conclusively established by the appointment of an administrator, the issuance of letters of administration, the probating of a will, or by any other decision in reference to the estate of the deceased which a probate court may make; and, in a proper collateral action or proceeding, the true place of residence of the deceased at the time of his death may be shown for the purpose of disproving jurisdiction in the court assuming to administer the estate.

4. JURISDICTION— *Courts of Coequal Authority.* Between courts of coequal authority, that one which first obtains jurisdiction will be permitted to pursue it to the end, to the exclusion of all others, and it will not permit its jurisdiction to be impaired or subverted by a resort to some other tribunal.

5. ——— *When a Party is not Estopped.* A party is not estopped or concluded by the decision of a court proceeding without jurisdiction of the subject-matter, but may show the want of jurisdiction in the court in order to show that he is not concluded by its decision.

Error from Lyon district court; W. A. RANDOLPH, judge. · Opinion filed October 11, 1902. Reversed.

*Lambert & Huggins*, for plaintiff in error.

*C. B. Graves, Daniel Mallison*, and *Hutchings & Keplinger*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: John A. Whitcraft died at the residence of his nephew, Horace H. Standish, in Wyandotte county, on the 6th day of January, 1898. At the date of his death he was the owner of two certificates of deposit of $1000 each, issued by the First National Bank of Emporia; also, real estate and other personal property in Lyon county. For many years prior to his death Whitcraft had been a resident of Lyon county. On the 19th day of January, 1898, Horace H. Standish filed his petition in the probate court of Lyon county, praying his appointment as administrator of the estate of Whitcraft. On the same day John W. Logan and others filed their petition praying for the appointment of W. F. Ewing as administrator of such estate. These petitions each alleged the death of Whitcraft, late of Lyon county, Kansas, deceased; that he died leaving no last will and testament, so far as the petitioners knew or believed, and that he died seized of money in bank, mortgages and real estate in Lyon county, Kansas. On the 21st day of January there was a hearing on these applications and that of Standish for his appointment was denied, and that of Logan and others for the appointment of Ewing was granted. Ewing was appointed, letters of administration were issued to him, and he qualified and gave bond as such administrator.

Thereafter, on the 13th day of February, 1898, Standish made application to the probate court of Wyandotte county for probate of an alleged oral will

Ewing v. Mallison.

of Whitcraft, and for the appointment of defendant in error Mallison, as administrator, with will annexed. To this proceeding, Ewing, as administrator, appeared in the probate court of Wyandotte county, filed his plea in abatement, alleging his prior appointment and qualification as administrator by the probate court of Lyon county, and want of jurisdiction in the probate court of Wyandotte county to make the appointment prayed. Upon a hearing, this plea was overruled, and it was found that Whitcraft was at the date of his death a resident of Wyandotte county. Thereafter an order was made admitting the nuncupative will to probate, and appointing defendant in error Mallison administrator with will annexed. No appeal was taken from the proceedings of either probate court.

This action was brought by Mallison, as administrator with will annexed, to recover from the receiver of the First National Bank of Emporia, then insolvent and in the hands of Morton Albaugh, as receiver, by order of the comptroller of the currency, on the certificates of deposit. Ewing, as administrator, was made party defendant, and answered, setting up his appointment by the probate court of Lyon county, his qualification under such appointment, and his right to the funds of the estate. Plaintiff replied, pleading an adjudication by the probate court of Wyandotte county and an estoppel of Ewing to claim under this appointment. There was judgment for plaintiff. Defendant Ewing brings error.

The merits of this controversy depend on the actions of the probate courts of Lyon and Wyandotte counties, and the effect of the appearance of the administrator appointed by the probate court of Lyon county in the probate court of Wyandotte county, and there contesting the jurisdiction of that court over the estate he

was appointed to represent.   It is admitted that the jurisdiction of the probate court of Lyon county was first invoked, and that court first assumed jurisdiction over the estate ; that plaintiff in error was appointed administator of the estate and letters of administration were issued to him ; and that he qualified, as provided by law, before the jurisdiction of the probate court of Wyandotte county was invoked.   That Standish, first to invoke the jurisdiction of the Lyon county court, after defeat in that court, was the first to invoke the jurisdiction of the probate court of Wyandotte county, is admitted.

This controversy arises over the exercise of jurisdiction by the separate tribunals.   The petition of Standish, verified and filed in the probate court of Lyon county, seeking his own appointment as representative of the estate, among other things, alleged the following :

"The petition of the undersigned, Horace H. Standish, respectfully represents that John H. Whitcraft, late of the county of Lyon, aforesaid, departed this life at the residence of this petitioner, at Kansas City, Kan., in Wyandotte county, on or about the 16th day of January, 1898, leaving no last will or testament, as far as your petitioner knows or believes."

In legal contemplation, this allegation means that the deceased was last a resident of Lyon county (*Beckett v. Selover*, 7 Cal. 215, 68 Am. Dec. 237 ), and left no will, and was made for the purpose of inducing the probate court of Lyon county to assume jurisdiction over the estate of the deceased.   Although such allegation would not confer jurisdiction on the probate court of Lyon county to administer the estate of the deceased if the requisite jurisdictional facts did not exist, for jurisdiction cannot be conferred by consent of parties, yet, it may well be doubted whether, after

the probate court of Lyon county acted judicially on the admission and declaration contained in this allegation of residence of the deceased, an admission of a jurisdictional fact solemnly made on the oath of the petitioner, Standish should not be debarred from denying the truth of this allegation for the purpose of either invoking the jurisdiction of the Wyandotte court or denying the authority of plaintiff in error as representative of the estate. A party should not be permitted thus to belie himself. In support of this position, see *Railway Company v. Ramsey*, 22 Wall. 322, 22 L. Ed. 823; *Turner v. Billagram*, 2 Cal. 520; *Miltimore v. Miltimore*, 40 Pa. St. 151; *Potter v. Adams's Executors*, 24 Mo. 159; *Lovelady et al. v. Davis, Ex'r*, 33 Miss. 577; *Ela v. McConihe*, 35 N. H. 279; *Hines and Bryan v. Mullins*, 25 Ga. 696; *Samuel Brown v. Ezekiel S. Haines and others*, 12 Ohio, 1; *Mandeville v. Mandeville et al.*, 35 Ga. 243; *Harbin, Adm'r, v. Bell et al.*, 54 Ala. 389. However, we do not rest our decision upon this ground.

It is a principle of universal application, essential to the orderly administration of justice, in order to avoid conflict between tribunals of coequal authority, that the court first acquiring jurisdiction shall be allowed to pursue it to the end, to the exclusion of others; and that it will not permit its jurisdiction to be impaired or subverted by a resort to some other tribunal. This general principle was announced by this court in the criminal case of *The State v. Chinault*, 55 Kan. 326, 40 Pac. 662, and writers on criminal law and criminal cases arising in other jurisdictions are there cited in its support. The doctrine is not confined to criminal cases. It is alike applicable in civil practice. (*Sharon v. Terry* (C. C.), 36 Fed. 337; *Taylor v. Taintor*, 16 Wall. 366, 21 L. Ed. 287; *Gaylord v. Ft.*

*W. M. & C. R. R. Co.*, 6 Biss. 286, Fed. Cas. No. 5284;
*Union Mut. L. Ins. Co. v. Chicago University* (C. C.),
6 Fed. 443, 10 Biss. 191; *Mason v. Piggott*, 11 Ill. 85;
*Bank of B. Falls v. R. & B. R. Co. et al.*, 28 Vt. 470;
*Stearns & al. v. Stearns & al.*, 16 Mass. 167; *Home Insurance Co. v. Howell*, 24 N. J. Eq. 238; *Hines & Hobbs v. Rawson*, 40 Ga. 356, 2 Am. Rep. 581; *Wilkinson v. Wait*, 44 Vt. 508, 8 Am. Rep. 391; *Merrill v. Lake and others*, 16 Ohio, 373, 47 Am. Dec. 377.)

In *Stearns & al. v. Stearns & al.*, supra, it was said:

"When different courts have concurrent jurisdiction, the one before whom proceedings may be first had, and whose jurisdiction first attaches, must necessarily have authority paramount to the other courts; or, rather, the action first commenced shall not be abated by an action commenced between the same parties, in relation to the same subject, in the same or any other court."

In *Home Insurance Co. v. Howell*, supra, it was held:

"This court, having the authority to hear and determine the subject-matter in controversy, and having first obtained possession of the controversy, is fully at liberty to retain it until it shall have disposed of it. The general rule is that as between courts of concurrent and coordinate jurisdiction, the court that first obtains possession of the controversy must be allowed to dispose of it, without interference from the coordinate court."

In *Brooks v. Delaplaine*, 1 Johns. (Md. Ch.) 351, it was said:

"When two courts have concurrent jurisdiction over the same subject-matter, the court in which the suit is first commenced is entitled to retain it. This rule would seem to be vital to the harmonious movement of courts whose powers may be exerted within the same spheres, and over the same subject and persons. . . . Any other rule will unavoidably lead to per-

petual collision, and be productive of the most calamitous results."

The statute (Gen. Stat. 1901, § 2806) provides:

"Upon the decease of any inhabitant of this state, letters testamentary or letters of administration on his estate shall be granted by. the probate court of the county in which the deceased was an inhabitant or resident at the time of his death."

The words "inhabitant" and "resident" are usually synonymous. (Bouvier, subj. "Residence"; *Lee v. City of Boston*, 2 Gray [Mass.] 490.) Hence, but one court was possessed of jurisdiction to administer the estate of deceased—the probate court of the county of his residence at the date of death. But if it were possible to assume that either the probate court of Lyon county or the probate court of Wyandotte county might have rightfully acquired jurisdiction over this estate for the purpose of appointing an administrator or proving a will, the action taken by the Lyon county probate court being first in point of time, if in its nature judicial, and that court in fact had jurisdiction, it will retain the same to the end, to the exclusion of jurisdiction in the probate court of Wyandotte county, unless the appearance of the administrator appointed by the probate court of Lyon county in the probate court of Wyandotte county to contest the jurisdiction of that court may be held to have deprived the probate court of Lyon county of jurisdiction once acquired, or to estop the administrator appointed by the Lyon county probate court from asserting non-jurisdiction in the Wyandotte probate court.

That the action of a probate court in appointing an administrator of an estate is in its nature judicial, and, where jurisdiction obtains, not subject to collateral attack, would seem to be well settled by this court.

In *Taylor v. Hosick, Adm'r, &c.*, 13 Kan. 518, it was held :

"Where a probate court has jurisdiction to appoint some person administrator, and makes an appointment by issuing letters of administration to a person not a relative or creditor of deceased, and without citing any of the relatives or creditors to appear and either take or renounce the administration, *held*, that although the appointment may have been erroneous, yet the letters of administration cannot be attacked collaterally, and especially not by a person who is neither a relative nor a creditor of the deceased."

In the opinion it was said :

"Letters of administration can be attacked collaterally only when the probate court for some reason has no jurisdiction to make the appointment, and never when the court has merely committed an error by appointing one person (who is eligible), when the court should have appointed some other person."  (Page 527.)

In *Brubaker v. Jones*, 23 Kan. 411, it was held :

"Where an inhabitant of a county dies intestate, leaving an estate to be settled, the probate court of such county has power to appoint an administrator for such estate, and it is immaterial how the probate court ascertains these facts.  When these facts exist, and the appointment is made, the appointment will be held valid, when attacked collaterally, although the probate court may have made some mistakes in making the appointment.  And when letters of administration are issued, such letters will be held to be *prima facie* evidence for all facts necessary for the validity of such letters."

In *Railway Co. v. McWherter*, 59 Kan. 345, 53 Pac. 135, it was held :

"Letters of administration granted to a minor are not void, nor will the removal of the administratrix from the state operate *ipso facto* as a revocation of

the letters. Neither the fact of her minority or of her removal will constitute a defense in an action prosecuted by her as administratrix."

In the opinion it was said:

"We deem it unnecessary to make extended comments on any of these claims or to consider whether they would have availed in a direct attack in the probate court on the letters of administration. The letters were in the plaintiff's hands at the time the action was tried, and no proceedings had ever been instituted to cancel or revoke them. The plaintiff was then more than eighteen years of age. She was administratrix in fact, and her authority to act was not open to collateral attack by the defendant. (*Davis v. Miller, Adm'r,* 106 Ala. 154, 17 South. 323 ; *Succession of Lyne,* 12 La. Ann. 155 ; *State, ex rel., v. Rucker et al.,* 59 Mo. 17 ; *The State v. Smith,* 71 id. 45.)" (Page 353.)

It has been many times held by this court that where a probate court without jurisdiction assumes to act, an order appointing an administrator and granting letters of administration is void. (*Perry, Adm'r, v. St. J. & W. Rld. Co.,* 29 Kan. 420 ; *Estate of Mallory .v. B. & M. R. Rld. Co.,* 53 id. 557, 36 Pac. 1059 ; *Railway Co. v. Bennett,* 58 id. 499, 49 Pac. 600.)

Upon authority, therefore, two propositions are clear : (1) The granting of letters of administration by a probate court is the exercise of judicial authority, and the letters granted, if regular in form, are *prima facie* evidence of the regularity of the prior proceedings ; (2) such letters are void if the court making the appointment had no jurisdiction to grant them.

The controversy in the court below did not arise on an appeal from an order revoking the letters of administration granted by either probate court. The letters of both contending parties stand unrevoked. As the case, however, arose on the conflicting claims

of two persons pretending to represent the estate, each holding letters of administration, and as, under the law, it is impossible for more than one probate court of the state rightfully to claim jurisdiction over the estate of a deceased resident, or be permitted to administer such estate, it was the duty of the trial court to determine which of the two contesting parties rightfully claimed the assets of the estate in litigation.

The essential jurisdictional facts required by the statute are: (1) The death; (2) an estate to administer; (3) the residence or inhabitancy of the deceased at the time of his death.  It is conceded that the death occurred and that an estate is left to be administered; hence, unlike prior cases in this court in which administration proceedings have been declared void, the jurisdictional facts warranting administration in some court stand admitted.  The sole question in dispute over which the conflicting claims to jurisdiction arose is, Of what county was the deceased an inhabitant or resident at the time of his death? This identical question of fact of necessity must have been presented to, and determined by, the probate court of Lyon county, for where jurisdiction depends on the finding of a particular fact alleged or essential to support jurisdiction, the exercise of jurisdiction implies the finding of such fact.  (*Erwin v. Lowry*, 7 How. 172; 12 L. Ed. 655; *Wyatt's Adm'r v. Steele*, 26 Ala. 639.)

Again, the determination of this fact by that court was first in point of time; its proceedings are in due form of law; a copy of the letters issued is found in the record; they are regular, and to this court and all other courts are *prima facie* evidence of the regularity of all prior proceedings, including the jurisdiction of the court to issue the same.  If in the case at bar.

as in the case of *People's Savings Bank v. Wilcox*, 15 R. I. 258, 3 Atl. 211, 2 Am. St. Rep. 894, cited by counsel for defendant in error, it stood admitted in the record that Whitcraft was not, in fact, a resident of Lyon county at the date of his death, or if the record contained a finding of such fact from the evidence, a want of jurisdiction in the probate court of Lyon county would appear, and we would be justified in holding its proceedings void.   But no such admission or finding appears in the record.   True, it was found by the probate court of Wyandotte county that the deceased at the time of his death was a resident of Wyandotte county, and, as a consequence, that the probate court of Lyon county was without jurisdiction ; and because of such determination the trial court refused to receive any evidence as to the actual residence of the deceased at the date of his death, but held the proceedings in the probate court of Wyandotte county *res judicata* and conclusive.   If, however, the proceedings in the probate court of Lyon county were not conclusive upon the question of jurisdiction in that court, no more were the proceedings in the probate court of Wyandotte county, unless the proceedings in that court were affected by the appearance therein of plaintiff in error.

The place of residence, like the question of death, or the existence of an estate to be administered, is a collateral, jurisdictional question of fact, and the actual fact of residence by the deceased in the county of the court at the time of death being essential to uphold the jurisdiction of a probate court, it is not concluded by the decision of the court that such fact does exist, but it may be inquired into in a proper collateral proceeding for the purpose of showing want of jurisdiction in the court making the determination.

This is the general rule as to judgments in this state. (*Mastin v. Gray*, 19 Kan. 458, 27 Am. Rep. 149; *Pray v. Jenkins*, 47 id. 599, 28 Pac. 716.) The true rule appears to be:

"Where the jurisdiction depends upon some collateral fact which can be decided without going into the case on its merits, then the jurisdiction may be questioned collaterally and disproved, even though the jurisdictional fact be averred of record, and was actually found in evidence by the court rendering the judgment.

"But on the other hand, where the question of jurisdiction is involved in the question which is the gist of the suit, so that it cannot be decided without going into the merits of the case, then the judgment is collaterally conclusive, because the question of jurisdiction cannot be retried without partly, at least, retrying the case on its merits, which is not permissible in a collateral proceeding unless other parts of the record show affirmatively that the finding cannot be true." (17 A. & E. Encycl. of L., 2d ed., 1084 and 1085; *People's Savings Bank v. Wilcox*, supra; *Beckett v. Selover*, supra.)

We are, therefore, of the opinion upon this branch of the case, that the district court erred in refusing to permit an inquiry into the actual residence of the deceased at the time of his death, and in holding the proceedings had in the probate court of Wyandotte county *res judicata*.

The remaining question, Is plaintiff in error estopped from asserting jurisdiction in the court appointing him and from denying the jurisdiction of the Wyandotte probate court? becomes easy of solution. If the Lyon county probate court had jurisdiction, the Wyandotte court did not have, and any proceeding therein or order made was void, and any participation therein was binding on no one. On the other hand, if the probate court of Wyandotte county had juris-

diction, the proceedings therein were valid and conclusive because *res judicata*. Jurisdiction rests in the probate court of the county of the residence of the deceased at the time of his death. This essential, collateral, jurisdictional fact is concluded by the finding of neither court, but is the question left open for separate determination, for on the determination of this fact depends the right of either probate court to take any step or make any valid order in relation to the estate of deceased, whether it be the appointment of an administrator or the proof of a will.

It follows that the judgment will be reversed, for further proceedings in conformity with this opinion.

All the Justices concurring.

CUNNINGHAM, J., not sitting, having been of counsel.