[No. 5822.]

Moore, Administrator, v. Ingram, Administrator.

**Administration—Assets Removed from Another Jurisdiction Returned**—The sole heir of a decedent removed certain personal assets from Missouri to Colorado, and was here appointed administrator. By the statute of Missouri the creditors of a decedent

were entitled to a lien upon all assets pertaining to his estate found in that jurisdiction. There were no debts owing in Colorado. On the application of the administrator appointed in Missouri, held that comity requires that the administrator here shall return to the state of Missouri the property so removed, or its equivalent in money, to an amount sufficient to satisfy the creditors of the decedent in Missouri. The circumstance that the administrator here has not returned an inventory of the property is immaterial.

*Error to Boulder County Court*—Hon. JUNIUS HENDERSON, Judge.

Mr. S. C. WARNER, Mr. C. B. WARD, Mr. I. J. RINGOLSKY, and Mr. W. H. CRAVEN, for plaintiff in error.

Mr. W. T. ROGERS, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The administrator of the estate of Millard V. Ingram, deceased, having been appointed as such by the probate court of Clay county, Missouri, filed his petition in the county court of Boulder county, Colorado, praying, among other things, that certain assets belonging to the said Ingram in his lifetime, that were removed from the state of Missouri after the death of Ingram, be returned to the state of Missouri for the purpose of satisfying claims established, and to be established, in said state. Upon the hearing the court denied the petition.

The administrator appointed in Missouri has brought the cause here for review by a writ of error.

Upon the hearing it was shown that one claim, at least, had been allowed against the estate by the probate court of Clay county, Missouri; that assets found in the state of Missouri were removed to the state of Colorado; that all claims allowed against the estate of Ingram in Colorado had been paid in full,

and that there was sufficient fund in the hands of the administrator here to pay all demands made against the estate here, and still leave a large sum in the hands of the said administrator; that Ingram departed this life in the state of Missouri; that by the laws of Missouri the creditors in said state had a lien upon the property of said Ingram, deceased, found or being in the state at the time of his death.

It is not disputed that it is within the power of the courts of this state to require the return of assets under some circumstances, but it is insisted that it is within the sound discretion of the court hearing the cause to order the return, or to decline to do so, and that as the court in the exercise of his discretion declined to order the property returned to the state of Missouri, we should not—there being no abuse of such discretion—disturb the judgment.

There appears to have been a controversy as to the domicile of the deceased, and as to whether the finding of the court that first granted letters of administration can or cannot be questioned in a collateral proceeding. This, we think, is settled in this jurisdiction by the case of *Corrigan v. Jones,* 14 Colo. 366; but we do not attach great importance to this question. In the case of an insolvent estate, where the rights of creditors of this state may come in conflict with the rights of creditors of another state, then the question of the decedent's domicile may become one of controlling importance; but here the estate is solvent. Some of the assets of the estate were removed from the state of Missouri before the creditors there could enforce their rights under the Missouri statutes. The sole heir-at-law of the deceased is the administrator of the estate. He removed the property to the state of Colorado. Comity and justice, as well as a proper regard for the rights of creditors of our sister state, require that the prop-

erty should be returned to Missouri, to be there administered. If the court had, in the exercise of his discretion, declined to order the property removed, we should then have been confronted with the rule that the discretion of the lower court will be interfered with only when illegally exercised or abused.

But the court did not decline to order the return of the property because of his unwillingness to exercise his discretion. In fact, in his opinion it is stated that "the present case seems to be a very proper one for the exercise of that discretion." The court's decision appears to have been based upon two grounds:

1. The inventory filed in Boulder county fails to show any property in the hands of the administrator taken by him from Missouri except certain shares of stock; and, using the language of the judge: "A proceeding to have money transferred is not a proper means to compel an administrator to account for property claimed to have been omitted from his inventory. The court cannot assume that it was omitted without good cause, and the present petition is not one upon which he would be compelled to answer as to why he omitted the items; consequently, the court cannot assume that there is anything which should have been added to the inventory." The mere fact that the administrator had failed to inventory the property taken by him from Missouri was no obstacle in the way of ordering the return of the property. The court having found that property had been taken from Missouri by the administrator, and that it was a proper case for the exercise of his discretion, should have ordered him to return it to the proper authority of that state for administration there, without regard to whether the administrator had or had not included it in the inventory.

2. The concern that established its claim in the

Missouri court also filed its claim in the county court, and from an order disallowing it, took an appeal to this court; and as the court had required the administrator to retain enough money to satisfy the judgment, if this court should finally allow the claim, in order to protect the administrator from a double allowance and a possible double payment, he declined to order a return of the property. The reason given by the court for protecting the administrator no longer exists, as we have at this term affirmed his judgment of disallowance in the case of *Swofford Brothers Dry Goods Co. v. Ingram, ante,* p. 203.

The judgment will be reversed, with directions to the county court to order the removal to the state of Missouri of the property taken therefrom by the heir-at-law of the deceased Ingram before his appointment as administrator, now in his hands, belonging to the estate or properly chargeable to him, or its equivalent in money, in amount sufficient to satisfy the claims of the Missouri creditors, and all costs of administration.    *Reversed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.