STATE, *ex rel.* BESSIE SMITH EVERETTE, *et vir,* v. H. C. PETTEWAY, Judge of the Tenth Judicial Circuit, in and for Polk County, and MAE S. HOULIHAN, administratrix of the Estate of Pallie S. Smith, deceased.

179 So. 666.

En Banc.

Opinion Filed February 22, 1938.

518

*Eldridge Cutts,* for Petitioners;

*H. S. Glazier,* for Respondents.

BUFORD, J.—This is original prohibition under Article V. Section 5, of the Constitution of 1885. The petition seeks a writ of prohibition to prevent the Circuit Court and the Hon. H. C. Petteway, Judge of the Circuit Court of Polk County, from entering an order or judgment announced by him to be entered but not yet entered, holding petitioners in contempt of court.

The facts of the case as gathered from the petition, the record and other matters contained in the transcript are in substance as follows:

F. M. Houlihan, the son-in-law and legal guardian of Pallie S. Smith, his mother-in-law, an insane person and

a widow, did on March 30, 1934, file his bill of complaint against Bessie Smith Everette, a daughter of Pallie S. Smith, and S. H. Everette, her husband, in which it was alleged that the defendant, Bessie Smith Everette, did, on .December 12, 1933, coerce, persuade and procure by deceit and fraud from Pallie S. Smith, a deed conveying. to said Bessie Smith Everette the home of said Pallie S. Smith, located in Thomasville, Georgia. It appears that Pallie S. Smith, at the time of her death, left three daughters and three grandchildren, the latter presumably the children of a deceased son, who were her heirs. The bill prayed that the defendants be required to reconvey said property to Pallie S. Smith. The answer to the bill admitted the execution of the deed of said property to Bessie Smith Everette, but denied that Pallie S. Smith was or ever had been insane or of unsound mind, and denied that said deed was obtained by persuasion, coercion or fraud.

On June 7, 1935, Judge Petteway entered what purported to be a final decree in the casee, finding that at the time the deed was executed, Pallie S. Smith did not have sufficient mentality to know and understand the nature and extent of her act; and the deed was held void and the property ordered reconveyed. The court decided also that fraud and undue influence were not involved in the determination, as lack of mental capacity was the only question involved. The decree also recited that during the pendency of the suit, Pallie S. Smith died, that a suggestion of her death was filed and a suggestion that F. M. Houlihan had been appointed Administrator of the estate of Pallie S. Smith and entitled to carry this suit to conclusion, was filed; and the court, over the objection of defendants, permitted this substitution of plaintiffs, without deciding whether F. M. Houlihan had been validly appointed Administrator, or whether the County Judge's Court of Hillsborough

County had jurisdiction to appoint an administrator of the estate of Pallie S. Smith. The decree recited that there was much evidence tending to show that Pallie S. Smith was a resident of the State of Georgia at the time of her death, and that the decree is entered without prejudice as to the question of the propriety of the appointment of such Administrator, in the event such question is hereafter raised in a proper manner in any court or cause. An appeal was taken from the final decree, but it was afterwards dismissed.

On July 8, 1936, Mae S. Houlihan, as the new and substituted Administratrix of the estate of Pallie S. Smith, filed a petition in the cause asking that the court issue a rule nisi requiring the defendants to show cause why they have not complied with the decree of the court. The rule issued on the same date.

On the date named in the rule, the defendants appeared and filed their answer, which was sworn to, together with their motion to set aside and vacate the decree of June 7, 1935, and at that time asked the court to stay further proceedings as to the contempt rule, until the motion to vacate and set aside the final decree should be concluded.

Judge Petteway has not yet rendered a decision, but having reached a conclusion unfavorable to petitioners, and being willing that they should have the opportunity of testing the validity thereof, if possible, before entering the order, he sent, attached to a letter dated August 21, 1936, a copy of an order or judgment he expects to sign. From the letter it will be seen that he will hold the defendants in contempt of court, based upon said proceedings, and will not recognize the motion to vacate the final decree.

On October 8, 1936, the defendants filed their petition in this Court, praying that a writ of prohibition be issued "prohibiting the said Circuit Court and the said Judge

thereof, from granting, signing or entering the said order or judgment in the form as announced by said Judge to be entered, or any other form substantially as indicated by him"; and that this Court may make such other orders as may be proper and in accordance with the practice of this Court.

This Court, on October 14, 1936, issued its rule nisi to respondents to show cause why a writ of prohibition should not be issued as prayed.

Mae S. Houlihan, as Administratrix of the estate of Pallie S. Smith and the Hon. H. C. Petteway, each filed separate demurrer to the petition. The substance of the grounds of the demurrers material to disposition of this case is whether the Circuit Court of Polk County had jurisdiction of the cause, of the defendants and of this class of cases, and if such was shown by the petition; whether the Court below was exceeding its jurisdiction; whether the petition is legally sufficient; and whether the transcript is complete and properly authenticated as required.

It is contended that in a proceeding to prevent a circuit judge from adjudging defendants to be in contempt of court for their failure to obey a purported final decree, all of the proceedings leading up to that final decree should accompany the petition seeking the writ of prohibition.

Our statute, Sec. 5450 C. G. L., relating to the petition for a writ of prohibition, contains the following provision:

"* * * When the matters suggested appear upon the face of the proceedings in the inferior court, then the transcript of the record of all the proceedings in the case, duly certified, shall accompany the suggestion, and where the matters suggested are not matters of record, then the truth thereof shall be verified by affidavit of the party instituting the proceedings or his agent, or attorney-at-law, or in fact."

This statute requires that when matters relied upon as a basis for seeking the issuance of a writ of phohibition, appear upon the face of the proceedings below the *transcript of all the proceedings* in the case, duly certified, shall accompany the petition; and the truth of matters not of record, relied upon for obtaining issuance of the writ, shall be verified by affidavit of the petitioner, his agent, attorney-at law or attorney-in-fact. The proceeding involved here is a contempt proceeding brought upon the purported final decree of June 7, 1935. Nothing back of that decree is material to this proceeding. If either that decree or the order substituting F. M. Houlihan, as Administrator of the Estate of Pallie S. Smith, as plaintiff, were erroneous, the defendants had an opportunity to remedy such error by appeal. A presumption lies in favor of the regularity of proceedings of a court of general jurisdiction. Where the decree is one the court had jurisdiction to render, the presumptions are all in favor of its regularity and validity until vacated by a proper proceeding instituted directly for the purpose of correcting errors therein. 15 R. C. L. 875, Sec. 353. Therefore it was not necessary to attach to the petition any of the record of the proceedings below prior to the rendition of the final decree. It is not contended that any of the proceedings below after the entry of the final decree are not brought here in the transcript.

It is contended that the certificate of the Clerk is insufficient in form. That certificate is:

"I, J. D. Raulerson, Clerk of the Circuit Court of Polk County, Florida, do hereby certifiy that the above and foregoing *from 1 to 50* pages constitute true and correct copies of the following described portions of the record in this office in the above stated Chancery Cause No. 16700, to-wit: * * * (enumerating the portions of the record copied) * * *

"Witness my official signature as Clerk of the said Cir-

cuit Court and the Seal of said Court, at Bartow, Florida, this the *23rd* day of September, 1936."

The certificate is signed by J. D. Raulerson as Clerk of the Circuit Court of Polk County, Florida, and the Seal of the Circuit Court of Polk County, Florida, is attached. It appears thatt this certificate is sufficient to satisfy the requirements of the statute, Sec. 5450 C. G. L., the section applicable thereto.

The final decree of June 7, 1935, contains the following paragraphs in regard to the jurisdiction of the County Judge of Hillsborough County over the estate of Pallie S. Smith and over the administrator thereof:

"It appears that the aforesaid Pallie S. Smith departed this life before this suit was concluded, and that a suggestion of her death has been filed and a suggestion that F. M. Houlihan has been appointed as Administrator of her es- ·tate and is entitled to carry this suit to conclusion, and over the objection of the defendants the Court permitted this to be done, without deciding, however, as to whether or not the said F. M. Houlihan has been validly appointed as such Administrator, and without deciding the question as to whether or not the said Probate Court of Hillsborough County, Florida, has jurisdiction to appoint an Administrator of the estate of the said Pallie S. Smith. There is much evidence in this record to indicate that she was in fact a legal resident of the State of Georgia, at the time of her death. However, this decree will be entered without prejudice as to the question of the propriety of the appointment of such Administrator, in the event the defendants, or any one, shall raise such question hereafter in a proper manner in any cause or court."

The final decree ordered, adjudged and decreed the following: "* * * that a deed of conveyance should be made by the defendants, Bessie Smith Everette, and her husband,

S. H. Everette, conveying the property described in the bill of complaint, * * * to the legal administrator of the estate of Pallie S. Smith, deceased, and that the said Bessie Smith Everette and her husband, S. H. Everette, do within ten (10) days from this date execute and deliver to F. M. Houlihan, as Administrator of the estate of Pallie S. Smith, deceased, good and sufficient deed of conveyance, conveying the above described property to such Administrator, provided no contest of the validity of the appointment of such Administrator is filed in the Probate Court of Hillsborough County, Florida, or other proper court, within the said period of ten (10) days, and that in the event of any such contest or contests of the validity of the said appointment of the said Administrator be so filed, that the said defendants shall make, execute and deliver to the Administrator of the estate of Pallie S. Smith, when such administrator shall be definitely determined at the end of such contest or contests, a good and sufficient deed of conveyance conveying said property to such administrator."

"That for the purpose of this suit, there being no sufficient showing to the contrary, F. M. Houlihan is decreed to be the Administrator of the estate of Pallie S. Smith, deceased, and as such Administrator he be substituted as complainant in this cause, but that this decree shall be without prejudice to the right of the defendants, or any one else, in any other proceeding to question the validity of the appointment of the said F. M. Houlihan as Administrator of the estate of Pallie S. Smith, deceased."

Whether the County Judge's Court of Hillsborough County had jurisdiction of the estate of Pallie S. Smith was not determined by the court before entering its final decree but that matter was left open for future determination. Although the final decree was uncertain in the part containing its finding of fact whether F. M. Houlihan was

the lawfully appointed administrator, yet the final decree did determine and adjudge that due to the absence of a contrary showing, that F. M. Houlihan was decreed to be the Administrator of the estate of Pallie S. Smith.

That final decree was dated June 7, 1935, and ten days later Bessie Smith Everette, joined by her husband, S. H. Everette, filed a petition in the County Judge's Court of Hillsborough County to have the appointment of F. M. Houlihan revoked. The County Judge refused to revoke the appointment, but on appeal to the Circuit Court the County Judge was reversed and the appointment of F. M. Houlihan was revoked. The County Judge in revoking the appointment of F. M. Houlihan, in compliance with the decree of the Circuit Court, used this language:

"* * * the said Circuit Judge did on the 19th day of September, A. D. 1935, render a judgment and a mandate of said Court in accordance with the provisions of the Probate Act of 1933, wherein and whereby the said Judge did adjudge and decide that the appointment by this court of F. M. Houlihan, as Administrator of the Estate of Pallie S. Smith, deceased, was invalid and without authority of law because he said Houlihan was not entitled to preference as to such appointment because not an heir of said Pallie S. Smith and not selected in writing by a majority of the heirs of said estate and the said appointment was made without citation having been issued and served on the persons interested in said estate."

Thereafter, on March 9, 1936, Mae S. Houlihan was appointed as Administratrix of the estate of Pallie S. Smith, deceased.

On July 7, 1936, Mae S. Houlihan, styling' herself the new and substituted Administratrix of the Estate of Pallie S. Smith filed her petition for a rule against the defendants to show why they have failed to comply with the command of the final decree.

The following rule is found in Rapalje's work on Contempt, relating to a situation where a party seeks to enforce by contempt proceedings a final decree that defendants convey certain property:

"But it is no contempt for a party to refuse to comply with a decree requiring him to execute a deed, unless a deed has been presented to him and he has refused. He is not bound at his peril to prepare and execute such a deed as the decree calls for." Rapaljo on Contempt, 49, citing Goebel v. Stevenson, 35 Mich. 189.

See also 13 C. J. 17, Sec. 20, and authorities collected under note 52. The petition for the rule against the defendants for their failure to convey the property ordered conveyeed by the final decree, in no place stated that the defendants had refused to execute a deed prepared and presented to them to sign. In this particular the petition for the rule is deficient.

Disobedience of a lawful order, judgment or decree is such an interference with the due administration of justice as to constitute a contempt. 13 C. J. 9, Sec. 12. But disobedience of a void order, judgment or decree, or one issued by a court without jurisdiction of the subject matter and parties litigant, is not contempt. 13 C. J. 14, Sec. 14. One may question the order which he is charged with refusing to obey only in so far as he can show it to be void. Clark v. Burke, 163 Ill. 334, 45 N. E. 235.

All acts of an administrator done in the course of administration are valid and binding, though the appointment is voidable and the letters of administration are afterwards revoked or the incumbent discharged from his trust, and he will be protected in all lawful acts done before revocation of his letters; but if the grant is absolutely void, the general rule is that all acts done pursuant to it are void also, although there are some exceptions to the latter rule. 23 C. J. 1085, Sec. 246. An order appointing an adminis-

trator without giving the next of kin an opportunity to accept the position is not void, and so may not be collaterally attacked. Cunningham v. Clay (Ky.), 112 S. W. 852; Simmons v. Sauls, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054; White v. Hill, 176 Ala. 480, 58 So. 444; McCooey v. New York, New Haven & Hartford Railroad Co., 182 Mass. 205, 65 N. E. 62; In Re Videgaray, 168 N. Y. S. 586; Lyle v. Siler, 103 N. C. 261, 9 S. E. 491; Clark v. Clark, 6 Watts & S. 85. An administrator appointed and qualified by a court of competent authority is the lawful representative of the estate until his appointment is rescinded, although another had a better right to be administrator. See Royal v. Eppes, 2 Munf. (16 Va.) 479.

Therefore, after the death of Pallie S. Smith and prior to the revocation of his letters of administration, F. M. Houlihan was the lawful representative of the estate of Pallie S. Smith in the equitable cause seeking reconveyance of the real estate in question, provided the County Judge's Court of Hillsborough County had jurisdiction of the estate so that it could appoint an administrator. The final decree relied upon for contempt proceedings, although uncertain about the right of F. M. Houlihan to the appointment, leaves no doubt but that he was appointed as administrator of the estate of Pallie S. Smith by the County Judge of Hillsborough County, and that finding of fact cannot be collaterally attacked in this proceeding.

The final decree, however, did not find as a fact that the County Judge of Hillsborough County or of any other county had jurisdiction of the estate so as to entitle him to appoint an administrator. The place of residence of the deceased at the time of her death is a jurisdictional question of fact, and is not conclusively established by the appointment of an administrator, and in a proper collateral action the true place of residence of the deceased may be shown

to disprove jurisdiction in the court assuming to administer the estate. Ewing v. Mallison, 65 Kan. 484, 70 Pac. 369, 93 A. S. R. 299. The County Judge's Court is not a court of general jurisdiction in the course of the common law, and the rule of presumptions, as to jurisdiction not appearing of record, is not applicable to this Court. Its jurisdiction should appear by its records, and when its records and proceedings do not disclose jurisdiction in a particular case, they may be attacked in any collateral proceeding by showing the absence of jurisdiction. Epping, Bellas & Co. v. Robinson, 21 Fla. 36; see also Robinson v. Epping, 24 Fla. 237, 4 So. 812. A finding that facts essential to jurisdiction exist cannot be collaterally attacked. Balsewizc v. Chicago, Burlington & Quincy Railroad Co., 240 Ill., 238, 88 N. E. 734. Fiehe v. Householder Co., 98 Fla. 627, 638, 125 So. 2. A finding of the court first granting letters of administration that the deceased was domiciled within the court's jurisdiction cannot be collaterally attacked. Moore v. Ingraham, 46 Colo. 204, 102 Pac. 270.

The record before us does not show that the County Judge of Hillsborough County ever adjudged that he had jurisdiction of the estate of Pallie S. Smith so as to enable him to appoint F. M. Houlihan as administrator. The decree of the Circuit Court reversing the County Judge of Hillsborough County for refusing to revoke the appointment of F. M. Houlihan, as administrator, contained this statement:

"The petition for revocation of the letters of administration was sufficient in form to question the jurisdiction of the County Judge's Court in issuing the letters of administration, and properly presented this question to the County Judge's Court to be determined as a question of fact upon the production of the necessary or proper testimony."

Thereafter, the County Judge of Hillsborough County revoked the appointment of F. M. Houlihan, and later appointed Mae S. Houlihan, as administratrix of the estate of Pallie S. Smith. The order appointing Mae S. Houlihan, contained this finding of fact.

"* * * it appearing that this Court has jurisdiction in the premises and that the said decedent died on the 15th day of January, A. D. 1935, without having left any last Will and Testament, and that she died in this County, had personal property here, and Hillsborough County was her domicile; that she was also insane and her guardian lived in this County. Testimony was taken before me on these points March 9th, 1936."

The County Judge's Court of Hillsborough County found as a fact that it had jurisdiction to appoint Mae S. Houlihan as Administratrix of the estate of Pallie S. Smith, and that finding cannot be collaterally attacked in this proceeding. It also found as a fact that it had jurisdiction in the premises because the decedent died in Hillsborough County without leaving any will, that she left personal property in Hillsborough County, and that Hillsborough County was the domicil of the deceased, which findings cannot be collaterally attacked.

Section 43 of Chapter 16103, Acts of 1933, the Probate Act, provides that the probate of wills or the granting of letters of administration, shall take place:

"(a) In the county in this State where the decedent had his domicil.

"(b) If the decedent had no domicil in this State, then in any county in which the decedent was possessed of any property.

"(c) If the decedent had no domicil in this State, and was possessed of no property in this State, then in the county where any debtor of the decedent may reside.

"(d) For the purpose of this section a married woman whose husband is an alien or a non-resident of Florida may establish or designate a separate domicil in this State."

The County Judge of Hillsborough County had jurisdiction of the estate of Pallie S. Smith under both subheads (a) and (b) quoted above, and the finding of fact made in the order appointing Mae S. Houlihan administratrix of the estate. It is also indicated in that order that the only reason that the appointment of F. M. Houlihan, as administrator, was revoked was because he was not entitled to preference to the appointment and because there was no citation to those interested in the estate. This indicates that the County Judge of Hillsborough County has determined that he had jurisdiction of the estate of Pallie S. Smith at the time appointed F. M. Houlihan administrator thereof. The recital in that order that the County Judge had jurisdiction in the premises establishes that fact so as to place it beyond the scope of any collateral attack.

Section 178 of the Probate Act of 1933, Chapter 16103, Acts of 1933, provides:

"All cases pending before any court in favor of or against two or more personal representatives, if one or more is removed, or resigns, or dies shall survive to or against the remaining personal representative, if any, and if there be none, then the same shall survive to or against the successor or successors of such personal representatives * * *:"

Under this provision of the Probate Act, if the equitable cause to compel reconveyance of the property had not been completed and final decree had not been rendered at the time of the removal of F. M. Houlihan, as administrator, then Mae S. Houlihan, as successor administratrix would have been entitled to continue with the cause to final de-

cree. However, the removal of F. M. Houlihan did not take place until after final decree had been rendered in that cause.

"As a general rule, proceedings for contempt to enforce a civil remedy and to protect the rights of parties litigant should be instituted by the aggrieved parties, or those who succeed to their right, or some one, who has a pecuniary interest in the right to be protected." 13 C. J. 59, Sec. 82.

Since the removal of F. M. Houlihan, as administrator, did not take place until after the final decree had been entered, under the rule laid down in Corpus Juris above quoted, Mae S. Houlihan, as the new and substituted administratrix, can ask to have the final decree enforced, since she alone is interested, in a representative capacity, to see that it is enforced.

It is contended that the decree of June 7, 1935, was interlocutory instead of a final decree, and that therefore, the defendants could not be punished for contempt under that decree.

The general rule as to the demarcation between an interlocutory order and a final decree "is that a decree is final where nothing more remains to be done in the cause, as distinguished from beyond the cause; otherwise it is interlocutory." 21 C. J. 642, Sec. 822. In the case of Holloway v. People's Water Co., 100 Kan. 414, 167 Pac. 265, 2 A. L. R. 161, where a similar question was involved, the Supreme Court of Kansas said:

"No attempt will be made to settle the dictionary question as to whether the decree of May 13, 1912, was final or interlocutory. Definitions do not always define. The journal entry bears abundant evidence on its face of judicial intention to put the parties in proper relation to each other, or at least to require them to act in such relation, retaining full jurisdiction to make other or different orders

as future exigencies might arise. Judge Story in his work on Equity Jurisprudence, Vol. 1, 13th Ed. p. 21, said:

" 'But courts of equity are not so restrained. Although they have prescribed forms of proceeding, the latter are flexible, and may be suited to the different postures of cases. They may adjust their decrees so as to meet most, if not all, of these exigencies; and they may vary, qualify, restrain, and model the remedy so as to' suit it to mutual and adverse claims, controlling equities, and the real and substantial rights of all the parties * * *. So that one of the most striking and distinctive features of courts of equity is that they can adapt their decrees to all the varieties of circumstances which may arise, and adjust them to all the peculiar rights of all the parties in interest.' "

The apparent purpose of the decree of June 7, 1935, was to be final in the disposition of the matter involved, namely, the reconveyance of the property. The reservation of jurisdiction over the cause did not render the decree interlocutory in character. It was intended to be a final disposition and adjudication of the rights of the parties and will be so considered here.

The final decree of June 7, 1935, is insufficient upon which to predicate contempt proceedings because it does not state positively that the County Judge's Court of Hillsborough County had jurisdiction of the estate of Pallie S. Smith and could appoint an administrator for the estate. Under the finding of fact contained in the order appointing Mae S. Houlihan, administratrix of the estate, and the applicable statute law of this State, it is seen that the County Judge's Court of Hillsborough County had jurisdiction of the estate of Pallie S. Smith. The final decree need not make an independent finding to this effect, but it would be sufficient if the final decree recited that jurisdiction in the premises, having been made to appear from the order of the County

Judge of Hillsborough County appointing F. B. Houlihan administrator of the estate, if such actually does appear from that order, which fact cannot be collaterally attacked, it is adjudged that the County Judge's Court of Hillsborough County had jurisdiction of the estate of Pallie S. Smith and could appoint an administrator thereof. If such jurisdiction does not appear from that order, then further proceedings should be had, under the reservation to that effect in the final decree, so that the order appointing Mae S. Houlihan, administratrix of the estate can be introduced into the record to show that jurisdiction in the premises existed in the County Judge's Court of Hillsborough County, and the final decree should recite that such jurisdiction is made to appear from said order, and then adjudge that such jurisdiction existed.

The petition below for rule to show cause why the defendants should not be punished for contempt does not show that a deed like that called for in the final decree was presented in the defendants and they refused to sign it. This is necessary in order to hold defendants in contempt of court.

The demurrer to the petition for a writ of prohibition is overruled, and respondents are allowed ten days from the date of the filing of this opinion which to file their answer, if any they have, or a writ of prohibition will issue, restraining the Circuit Court and the respondent Circuit Judge from acting in the manner indicated by him, until such further proceedings have been had below as will entitle Mae S. Houlihan, the administratrix, to have a rule nisi in her behalf, as representative of the estate.

It it so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.