STATE, *ex rel.* BESSIE SMITH EVERETTE, *et vir.*, v. HONOR-
ABLE H. C. PETTEWAY, Circuit Judge, the Tenth Judicial
Circuit, Polk County; and MAE S. HOULIHAN, Admin-
istratrix of the Estate of Pallie S. Smith, deceased.

185 So. 619.
Opinion Filed January 4, 1939.

*Eldridge Cutts,* for Petitioners;

*H. S. Glazier,* for Respondents.

PER CURIAM.—This is an original proceeding by the
State of Florida, on the relation of Bessie Smith Everette,
joined by her husband, S. H. Everette, for a writ of pro-
hibition to prevent the circuit court and H. C. Petteway,
Judge of the Tenth Judicial Circuit, in and for Polk County,
from entering an order or judgment holding petitioners in
contempt after hearing on a petition by Mae S. Houlihan,
administratrix of the estate of Pallie S. Smith, deceased,
for a rule *nisi* requiring relators to show cause for non-
compliance with a decree of such court ordering a re-
conveyance of certain lands to the said Mae A. Houlihan, as
administratrix. This Court, on October 14, 1936, issued
its rule *nisi* to respondents to show cause why a writ of
prohibition should not be issued as prayed. Mae S. Hou-
lihan, as administratrix, and the Hon. H. C. Petteway, each
filed separate demurrers to the petition, which were over-

ruled by this Court. (See State, *ex rel.* Everette, *et al.,* v. Petteway, Judge, *et al,* 131 Fla. 516, 179 So. 666.) Answers were then filed by respondents.

In its former opinion this Court said:

"The final decree of June 7, 1935, is insufficient upon which to predicate contempt proceedings because it does not state positively that the county Judge's court of Hillsborough county had jurisdiction of the estate of Pallie S. Smith and could appoint an administrator for the estate. Under the finding of fact contained in the order appointing Mae S. Houlihan, administratrix of the estate, and the applicable statute law of this state, it is seen that the county judge's court of Hillsborough county had jurisdiction of the estate of Pallie S. Smith. The final decree need not make an independent finding to this effect, but it would be sufficient if the final decree recited that jurisdiction in the premises, having been made to appear from the order of the county judge of Hillsborough county appointing F. M. Houlihan administrator of the estate, if such actually does appear from that order, which fact cannot be collaterally attacked, it is adjudged that the county judge's court of Hillsborough county had jurisdiction of the estate of Pallie S. Smith and could appoint an administrator thereof. If such jurisdiction does not appear from that order, then further proceedings should be had, under the reservation to that effect in the final decree, so that the order appointing Mae S. Houlihan administratrix of the estate can be introduced into the record to show that jurisdiction in the premises existed in the county judge's court of Hillsborough County, and the final decree should recite that such jurisdiction is made to appear from said order, and then adjudge that such jurisdiction existed.

"The petition below for rule to show cause why the defendants should not be punished for contempt does not

show that a deed like that called for in the final decree was presented to the defendants and they refused to sign it. This is necessary in order to hold defendants in contempt of court."

It has not been shown that the final decree or the petition below for rule to show cause why the defendants should not be punished for contempt have been amended in accordance with the views expressed in the quotation above.

The Circuit Court has not exhausted its jurisdiction because the record shows that the Circuit Court by appropriate order has retained jurisdiction of the cause and the court therefore may amend its decree as was suggested in the opinion referred to *supra*.

The controlling question is whether or not the record of the County Judge's Court shows that such court had jurisdiction of the Estate of Pallie S. Smith and that question is to be determined by inspection of the record in the County Judge's Court and its final judgment in that regard and not by decree based on a collateral attack on such judgment.

Therefore, as the final decree in the suit for a reconveyance and the petition in the contempt proceeding now stand, the writ of prohibition is granted, but without prejudice to the right of the respondents herein to amend the final decree and enforce the same by proper proceedings.

So ordered.

TERRELL, C. J. and WHITFIELD, BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.