CHARLES CARROLL, Chief Judge.
This is an original proceeding in prohibition. The determinative question presented is whether, by reason of § 732.06 Fla.Stat., F.S.A. fixing venue for probate in the county of domicile of a decedent, the action of a county judge’s court in one county in proceeding to probate the estate of a decedent concededly domiciled in another county at the time of death is an unlawful exercise of jurisdiction.
The suggestion in prohibition, filed by certain residuary legatees under the will of Agnes R. Oberly, deceased, alleged that the decedent was domiciled in Broward County at the time of her death; that the executors named in the will applied to the county judge’s court of Dade County for probate of the will, by a petition which recited that the decedent was domiciled in Broward County at the time of her death, and that the court in Dade County granted the petition, admitted the will to probate, and was proceeding with the probate of said estate. The suggestion in prohibition revealed that the relators had made a direct attack by moving in the cause for an order revoking the probate for want of jurisdiction apparent on the record, and that their motion had been denied. On considering the suggestion, this court issued a rule nisi in prohibition.
A joint response was filed by the respondent county judge and executors. Respondents admitted the allegations of the suggestion relating to the petition for probate as showing domicile of the decedent in Broward County, and the proceedings thereon in the county judge’s court of Dade County for probate of the estate. As affirmative defenses the respondents averred that the relators’ petition to vacate, which was filed in the probate proceeding, was frivolous and filed for delay; that the petition for probate did not show lack of jurisdiction of the respondent judge of the county judge’s court of Dade County, and that the latter had jurisdiction to probate the estate, notwithstanding the venue statute to the contrary, “by virtue of the power and authority by law vested in me.” With the response there was filed a motion to quash, stating, as grounds, delay in objecting for want of venue; absence of factual basis for the suggestion in prohibition; and that the suggestion was filed for delay.
The position taken by the respondent court is that the power conferred on county judge’s courts by the Constitution to probate estates authorizes the court in Dade County to probate the estate of a decedent regardless of whether, at the time of death, the decedent was shown to have been domiciled in Dade County or in another county in the state.
We are unable to agree with that proposition in view of the express language to the contrary in § 732.06 Fla.Stat., F.S.A.[1]. In obvious conformity to the statutory provision relating to venue, Rule 5.110 PGR, provides for a sworn petition for probate of a will to contain certain statements including “(1) The domicile of the decedent at the time of his death.”
Here the petition for probate stated the decedent died in Broward County, and was domiciled in Broward County at the time of her death. Additionally, although not material tp venue, the will of the testatrix stated she was a resident of Broward County, and the petition for probate recited that the real estate owned by the decedent was *91 situate in Broward County, with no showing that the deceased owned any property in Dade County.
Although a court may possess jurisdiction consisting of power to deal with a class of cases, it is an unlawful exercise of its jurisdiction to entertain a case or proceeding when the initial pleading which is filed for the purpose of invoking the jurisdiction of the court shows facts which establish that the venue for such case or proceeding is not in that county, and is fixed by law in another county. See State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666; State ex rel. Campbell v. Chapman, 145 Fla. 647, 1 So.2d 278; In re Mickler’s Guardianship, Fla.1964, 163 So.2d 257.
The recognized exception, that venue can be waived, is not applicable because (1) there was no such waiver here, and (2) it is obvious there could be no waiver of venue by the testatrix after her death. In a suit against a named party or parties defendant, he or they may waive venue. But a proceeding for probate is not susceptible to waiver of the venue as fixed by law. This is so because by its nature probate is not only for the benefit of the distributees under the will or heirs and next of kin, but is equally for the benefit of possible unknown creditors and other persons interested in the estate.
 A second exception, which is that a court is entitled to determine its own jurisdiction and that its decision in that respect is not subject to collateral attack, is not applicable here. The relators’ challenge was not a collateral attack. Moreover, when the question material to the exercise of jurisdiction is one of venue which depends on the place of domicile, that exception presupposes there is an issue or question as to the county of domicile to be determined' by the county judge’s court in which the petition for probate is filed, and upon resolution of which the court could find and conclude that the decedent was domiciled in that county at the time of death.
We have not overlooked the discussion of jurisdiction vis-a-vis venue in the case of In re Mickler’s Guardianship, supra, which involved an incompetency proceeding, and we recognize the distinction there drawn between venue and jurisdiction. However, the decision rendered in Mickler supports the conclusion we reach in this case that the action of the respondent court, in proceeding in disregard of the venue statute, represented an unlawful exercise of its jurisdiction. In Mickler, where a statute placed venue in the county in which the alleged incompetent “resided,” the Supreme Court ruled that an incompetency proceeding maintained in a county other than that of her residence was unlawful (no waiver of venue by the incompetent having been shown), and held that such proceeding should be set aside.
In State ex rel. Everette v. Petteway, supra, the Supreme Court said (179 So. at 671):
“ * * * The place of residence of the deceased at the time of her death is a jurisdictional question of fact, and is not conclusively established by the appointment of an administrator, and in a proper collateral action the true place of residence of the deceased may be shown to disprove jurisdiction in the court assuming to administer the estate. Ewing v. Mallison, 65 Kan. 484, 70 P. 369, 93 Am.St.Rep. 299. The county judge’s court is not a court of general jurisdiction in the course of the common law, and the rule of presumptions, as to jurisdiction not appearing of record, is not applicable to this court. Its jurisdiction should appear by its records, and when its records and proceedings do not disclose jurisdiction in a particular case, they may be attacked in any collateral proceeding by showing the absence of jurisdiction. * * * ”
In State ex rel. Campbell v. Chapman, supra, the widow of a decedent who died *92 intestate filed a petition for letters of administration in the county judge’s court of Sarasota County. In her petition she alleged the decedent was “late of the County of Sarasota and State of Florida.” Acting thereon, the county judge’s court of Sarasota County entered an order appointing the widow as administratrix. Approximately three months later, with leave of court, the widow filed an amendment to her petition, reciting that the decedent was domiciled in Manatee County at the time of-his death, and moved to have the proceedings in Sarasota County set aside. As revealed in the subsequent Supreme Court opinion (1 So.2d at 287), the widow’s motion was opposed by a creditor of the estate, and the county judge of Sarasota County proceeded to hold an evidentiary hearing on the issue as to the place of domicile at time of death, and so averred in his return to a rule nisi in prohibition which was issued by the circuit court on the widow’s suggestion. As further revealed, in the opinion of the Supreme Court on petition for rehearing in the Chapman case (1 So.2d at 287), the return filed by the respondent county judge to the rule nisi revealed not only that such inquiry had been undertaken, but that the same was still pending and undetermined. The circuit court denied prohibition, and on appeal therefrom the Supreme Court affirmed.
In dealing with the appeal in Chapman, the Supreme Court held that before jurisdiction conferred upon a court may be exercised, “it must be lawfully invoked and called into action,” and, emphasizing their statement by italics, said: “The pleading bringing the matter before the court need not necessarily be sufficient in law to withstand the test of a demurrer, but as a general rule it must state, at least inferentially, each material fact necessary to warrant the court to deliberate thereon and grant the relief accorded.” The Supreme Court then held that the allegation in the petition for letters of administration that the decedent was “late of Sarasota County,” was sufficient to invoke the jurisdiction of the court, in that inferentially it amounted to an allegation of domicile of the decedent in that county at the time of his death.
Thus in the Chapman case the initial petition sufficiently showed venue by alleging the decedent was “late of Sarasota County,” and thereby met the requirement that the initial pleading must disclose material facts (in that instance venue) necessary to the exercise of jurisdiction in such a 'matter. In addition, when subsequent pleadings in that case injected an issue as to the place of domicile of the decedent at the time of his death, the county judge’s court of Sarasota County was entitled to decide the issue and determine the propriety of its exercise of jurisdiction by finding that the domicile of the decedent, and therefore the venue, was in that county.
No such doubt or issue as to the county of domicile of the decedent was presented here. Therefore, the “determination” by the county judge’s court of Dade County that it had “jurisdiction” to probate this estate (if the admission of the will to probate and the granting of letters testamentary is assumed to have been or implied such a determination), amounted only to a holding by the respondent court that it could lawfully proceed in disregard of the venue statute.
An analogous situation is presented in suits for eminent domain. Section 73.021 Fla.Stat., F.S.A. requires a petition for eminent domain to be filed “in the circuit court of the county wherein the property lies.” Surely it could not be successfully contended that the constitutional grant of power to circuit courts to hear and determine eminent domain cases enables a circuit court of a county other than that in which the property sought to be condemned is located to lawfully entertain a petition for condemnation thereof. The same applies with respect to suits for foreclosure of mortgages of real estate, which are required by law to be brought in the circuit court in the county in which the mortgaged property is situate (unless the mort *93 gage encumbers lands lying in two or more counties, in which event the suit is required to be filed in one of those counties).
To hold as contended for by the respondent court would operate to nullify the intent of the legislation which provides that probate shall be held in the county of domicile of the decedent, and would create an inconvenience and hindrance to creditors and other persons interested in the estáte.[2]
For the reasons stated, we are impelled to reject the argument of the respondent county judge’s court of Dade County that it was a proper exercise of its jurisdiction to entertain this proceeding for probate in the estate of this decedent who, from the outset, and without contradiction or dispute, was shown to have been domiciled in Broward County at the time of her death.
On presentation to it of the petition for probate showing absence of venue in Dade County and disclosing that the venue was in Broward County, the county judge’s court of Dade County was without lawful authority to act in the matter, except to dismiss the petition or enter an order for transfer of the cause to the county judge’s court of Broward County, as provided for in such circumstance by Rules 1.060 and 1.170(j) RCP,[3] 30 F.S.A.
Prohibition lies to restrain an excess of jurisdiction as well as to prevent a court from proceeding in a case where it has no jurisdiction. State ex rel. Reynolds v. White, 40 Fla. 297, 24 So. 160; State ex rel. Burr v. Whitney, 66 Fla. 24, 63 So. 299. In State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872, 874, the Supreme Court said: “The rule is settled in this state that prohibition may be employed to restrain an excess of jurisdiction as well as to prohibit the exercise of judicial power where none exists. It may also be used to confine a court within his power when he attempts to exercise jurisdiction beyond the legitimate scope of his powers.”
In State ex rel. Swearingen v. Railroad Com’rs of Florida, 79 Fla. 526, 84 So. *94 444, 445, the Supreme Court said: “The common-law writ of prohibition is not a writ of right; but it is an extraordinary judicial writ, that in proper cases may be issued to restrain the unlawful exercise of judicial functions when no other adequate remedy is afforded by law.”[4]
We hold that because of demonstrated absence of venue the action of the county judge’s court of Dade County, in the probate of this estate, constituted an unlawful exercise of its jurisdiction. Accordingly, the rule nisi in prohibition heretofore issued is made absolute, and judgment in prohibition is hereby granted in favor of the relators. The effect of this ruling is to restrain further proceedings in the cause in the respondent court, except to order transfer of the cause to the county judge’s court of Broward County, as indicated. In view of this opinion and judgment we assume it will not be necessary to issue a formal writ of prohibition.
It is so ordered.

. “732.06 [Fla.Stat., F.S.A.] Venue of probate proceedings. — The venue of probate of all wills and granting of letters of administration shall be:
“(1) In the county in this state where the decedent had his domicile.”
The remaining subsections of § 732.06 deal with venue where the decedent was not domiciled in Florida at the time of death, and have no application here.

. For example, the only notice required to be given to creditors is by publication in the county in which the probate proceeding is pending, and creditors must file their claims in the cause there within six months after the first publication of such notice. § 733.15 Fla.Stat., F.S.A. While it is true that probate in the county of domicile of the decedent (as provided for by the venue statute) imposes on creditors the burden of investigating in that county for probate and published notice, it would appear unduly burdensome and impracticable for creditors to be required to investigate from month to month in every other county until they located the one in which probate was in progress, or risk loss of their claims through lack of knowledge of the existence of a probate proceeding in some other or remote county.
The same is true of persons “interested” in an estate in which a will has been admitted to probate (in addition to those persons to whom notice of probate is required to be mailed, under § 732.28(1) and (2), Fla.Stat., F.S.A., to-wit: named legatees or devisees, or known surviving spouses or heirs at law). This is so because under § 732.28(3) Fla.Stat., F. S.A. the county judge is required to publish notice in the county in which the probate proceeding is pending, giving such other “interested” persons notice that a will of the decedent has been admitted to probate, and notice to them of the six-month period after such notice to which they are limited for challenging the probate of such will.

. The duty to transfer the cause to the proper court in the county in which the venue is fixed by law is a continuing one, under Rule 1.060 HOP which provides for such transfers “if it should appear at any time that an action is pending in the wrong court of any county,” etc. For the guidance of counsel, and of the court to which the cause should he transferred, we observe that while it would apjjear necessary to proceed anew there in the jurisdictional aspects of the probate, the court to which the cause is transferred may find it expedient and proper, in the interest of economy in the administration of the estate, after notice and hearing, to adopt and ratify, rather than require to be repeated, certain of the non-jurisdictional processes and services which were performed in the estate in Dade County.

. Appeals are not authorized to be taken from interlocutory orders of county judge’s courts in probate matters. The Constitution of Florida, F.S.A. (Art. V, section 5(3)) provides for appeals “from final orders or decrees of county judge’s courts pertaining to probate matters.”