DOWNEY, Judge.
In 1970 Iola Keith, as next friend of her son, Frank Williams, brought suit for damages in the Small Claims Court of St. Lucie County against Annie Culberth, as next friend of her son, John Culberth. The case was tried by the court and judgment was entered in favor of Iola Keith and against Annie Culberth for $743.90. Keith thereupon obtained a writ of execution with which the Sheriff levied upon Lots 17 and 18, Bl. 4, Paradise Park Subdivision, St. Lucie County, Fla., real property, owned by Cul-berth. Keith bought the property in at public sale for the amount of the judgment.
Several abortive attempts at appellate review of the Keith judgment and of the refusal of the court to expunge the Sheriff’s deed to the property were made by Culberth but both ended in dismissal for lack of prosecution.
The appellant, Annie Culberth, then filed this suit against Iola Keith et al. to quiet her title to the two lots in Paradise Park Subdivision. Appellant’s complaint alleged, among other things, that Iola Keith in her representative capacity as next friend of her son Frank Williams had sued Annie B. Culberth in her representative capacity as next friend of her son John Culberth but that the Small Claims Court had entered a judgment against Annie B. Culberth, individually. These allegations were admitted by appellee’s answer. Appellant’s complaint further alleged the issuance of the writ of execution, the levy and the sale of appellant’s property, all of which it was alleged were void because appellant was never a party individually to the Small Claims Court litigation. Of course, the ap-pellee denied those allegations and affirmatively pleaded a variety of defenses.
In a pretrial statement in this case appel-lee stated under the heading Unusual or Questionable Points of Law: “The Defendant contends that the Plaintiff became a real party in interest when she attended and participated in the trial concerning her minor youth, therefore subjecting herself to the jurisdiction of the court.” After the case was tried by the Circuit Judge, the Judge wrote a letter to counsel for appellee directing him to prepare a proposed judgment. In said letter the Judge stated:
*462 “Final Judgments rendered by the Courts of this State are, of course, presumptively valid and not subject to collateral attack unless void. Final Judgments merely voidable and not void are not subject to collateral attack. I find that the presumption of validity of the Final Judgment in question has not been rebutted by any competent evidence. The Plaintiff, ANNIE E. CULBERTH, was properly before the Court below and was represented by counsel [sic] the Court below had jurisdiction of her person and of the subject matter of the litigation.”
Final judgment was eventually entered for appellee in which the trial court found that the judgment entered in the Small Claims Court case was not void and thus not subject to collateral attack.
The trial court misconceived the applicable law in this case. A presumption of jurisdiction when it does not appear in the record can only be applied in courts of general jurisdiction. 8 Fla.Jur. Courts § 56. The Small Claims Court of St. Lucie County is not a court of general jurisdiction and thus is not allowed the usual presumption as to jurisdiction. The judgment under review reflects an inherent conflict with the record of the Small Claims Court: Appellant was sued in her representative capacity, a judgment was entered against her in her individual capacity and the Circuit Court held the Small Claims judgment not void. When such a conflict occurs the record must prevail. Krivitsky v. Nye, 155 Fla. 45, 19 So.2d 563 (1944). As the Court therein stated:
“The County Judge’s Court is not a court of general jurisdiction in the course of the common law, and the rule of presumption as to jurisdiction not appearing in the record is not applicable to this court. Its jurisdiction should appear by its records, and when its records and proceedings do not disclose jurisdiction in a particular case they may be attacked in any collateral proceeding by showing the absence of jurisdiction.” See Epping v. Robinson, 21 Fla. 36; State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666. (Emphasis provided.) Id. at 568.
The record of the Small Claims Court litigation shows that the Statement of Claim was filed by appellee as next friend of her son against appellant as next friend of her son. Why the judgment was entered in favor of appellee individually and against appellant individually no one knows. But the record fails to demonstrate that the Small Claims Court had any jurisdiction over Annie Cul-berth individually. The appellee here argues that Culberth submitted herself individually to the jurisdiction of the Small Claims Court by her presence and participation in the Small Claims Court trial. We find no merit in this contention.
It is our conclusion that the Small Claims Court of St. Lucie County had no jurisdiction to enter the judgment against appellant individually and that said judgment is void and subject to collateral attack.
Accordingly, the judgment appealed from is reversed and the case is remanded with directions to enter judgment for appellant quieting title in her as against the Small Claims Court judgment and any right, title or interest claimed thereunder.
REVERSED AND REMANDED.
DAUKSCH, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.